IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

　　　　*Plaintiff,*

　　v.　　　　　　　　　　　　　　　No. 2:26-cr-02848-SMD

BRIAN ANTHONY PORI,

　　　　*Defendant.*

## RESPONSE IN OPPOSITION TO MOTION TO DECLARE CASE COMPLEX

The government filed a general motion, with little specificity, asking to declare this case complex. In that motion, the government gives four conclusory justifications for doing so: 1) "the type and sensitivity of the evidence involved, potential penalties, and the scope of the alleged conduct," Dkt. 41, at 2; 2) the discovery includes "approximately 24.5 gigabytes of data, consisting of 362 files and 989 folders," *id.*; 3) a filter team needs to assist in reviewing discovery because it contains material protected by the attorney-client privilege, *id.*; and 4) six other individuals have been charged who may provide, but have yet to do so, additional evidence, *id.* Neither proffered justification, however, merits declaring this case complex. The motion should therefore be denied.

1

## Argument

I.   **The government fails to meet the burden required to toll the Speedy Trial Act clock.**

A case is complex when:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by [the Speedy Trial Act].

18 U.S.C. § 3161(h)(7)(B)(ii). The government, as the party seeking to declare the case complex, bears the burden of showing this case is "more complex than the garden-variety" case. *United States v. Loera*, 2015 WL 143662859, at *7 (D.N.M. May 19, 2025). It cannot do so here.

First, the charges alleged—smuggling contraband into a detention facility and possession of child pornography—are not unusual or complex. The smuggling charges allege two discrete acts that occurred on two discrete days. Those allegations require little investigation or work by the government or Pori to get prepared for trial. Similarly, the possession of child pornography charge is already alleged in great detail, including the alleged date, the alleged files and file names, and where those files were allegedly found on Pori's device. This information, which is not always available at the beginning of a case, undercuts any complexity or novelty of the charges.

Second, while the government states that six individuals are charged in related cases, *see* Dkt. 41 at 2; none of those individuals are joined with Pori. That makes this case, which is the only case that is relevant to the complex case analysis,

a single defendant case. The trial of a single defendant case is neither complex nor unusual.

Third, this case does not present novel issues of law. Cases alleging the smuggling of contraband into a facility are numerous and the case law is extensive. The same is true for the possession of child pornography. Neither case presents a novel theory or particularly complex theory that should make the underlying litigation and eventual trial complex or difficult. The absence of such issues counsels against a complex case designation. *Loera*, 2015 WL 13662859, at *8 (denying a request to declare the case complex because of "the straightforward nature of the prosecution" and "the absence of novel questions of fact or law").

And fourth, there is not, at least currently, any indication that the discovery is so voluminous or complex that the Court should toll the Speedy Trial Act limitations and declare the case complex. The government contends that there is approximately 30 gigabytes of discovery. But 30 gigabytes of discovery is not unusual in the digital age. And complex cases typically have significantly more than 30 gigabytes of data and less than 1,000 files. *See, e.g., United States v. Baca,* 2016 WL 6404772, at *3 (D.N.M. Oct. 20, 2016) (declaring a case complex that included "massive amounts of discovery" across multiple cases, alleging violence acts that took place over a more than 10-year time period, and included thousands of pages (and eventually 100,000 pages) of discovery and thousands of hours of audio records, video recordings, and wiretaps); *Loera*, 2015 WL 13662859, at *7 ("Complex cases typically involve . . . a large number of defendants, hundreds of intercepted

3

calls, thousands of pages of linesheets, and many witnesses."); *United States v. Bonilla*, 2009 WL 3855927, at \*2 (N.D. Okla. Nov. 17, 2009) ("The government has identified a substantial body of evidence that will be produced to defense counsel, including wiretap affidavits and transcripts, investigate reports, and other documents in excess of 5,000 pages.").

The absence of complex or novel issues of laws, the lack of multiple defendants, the simple factual allegations, and the typical volume of discovery does not meet the standard to declare a case complex. The motion should therefore be denied.

## II.     The speedy trial clock is currently at zero days.

The speedy trial clock begins to run upon the later of a defendant's initial appearance being held or an indictment being filed. 18 U.S.C. § 3161(c). Here, an indictment was filed on June 17, 2026. *See* Dkt. 25. Sometime before the indictment, Pori had filed a motion to review the Magistrate Court's detention order. *See* Dkt. 23 (setting a hearing for the appeal of the detention order before the return of the indictment). Because that motion was pending, the speedy trial clock was immediately tolled. *See* 18 U.S.C. § 3161(h)(1)(D) (excluding from the speedy trial calculation any "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion). The government then filed an opposed motion to declare this case complex on July 8, 2026, *see* Dkt. 41; and an opposed motion to extend the discovery deadline on July 9, 2026, *see* Dkt. 42. And the government filed an opposed motion

for a protective order on July 17, 2026. Dkt. 50. Neither the detention motion, the motion to declare the case complex, nor the motion for a protective order have been decided. That means the speedy trial clock has been tolled since the day of indictment, placing it at zero days.

Because the speedy trial clock is currently at zero, there is no concern about the Speedy Trial Act being violated. Any motion seeking to declare that case complex must be viewed through that lens. The speedy trial clock remaining at zero also counsels against granting the motion.

### III. A complex case designation can be revisited once the government has produced discovery or better explains the need to declare the case complex.

If, however, the government discovers additional information, joins additional defendants, adds charges, finds hundreds of gigabytes or additional discovery, or produces thousands of pages of written discovery, then the government can always refile this motion. Alternatively, the Court can hold this motion in abeyance pending the production of discovery (which has yet to occur), which may give the Court more information about the nature of the case. But for now, and on this record, the government cannot meet the burden of declaring this case complex and depriving Pori of a speedy trial.

### Conclusion

The government's request to declare the case complex ends by stating "allowing time for such review and investigation may lead to the conservation of public and judicial resources, in that it may result in a resolution of the case

without the need for trial." Dkt. 41, at 2-3. But Pori has no intention of pleading guilty or otherwise resolving this case. Rather, he fully intends to push forward to trial. There is no reason, based on the limited argument presented by the government, that such a trial should be anything other than a speedy one.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
nick@harrisonhartlaw.com

*Counsel for the Defendant*

Dated:        July 22, 2026

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on July 22, 2026, I electronically filed this response with the Clerk of the Court for the U.S. District Court for the District of New Mexico using the CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart