**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| Plaintiff, | ) | |
| vs. | ) | **Case No. 26-CR-2848-SMD** |
| **BRIAN ANTHONY PORI**, | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR PROTECTIVE ORDER**

Pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, the United States moves the Court for a protective order appropriately restricting access to, and redistribution of sensitive investigative materials relating to the introduction of contraband to inmates within a correctional facility. In support, the United States argues as follows:

1. This discovery in this case contains sensitive investigative materials relating to allegations that the Defendant provided contraband to inmates within a correctional facility. The discovery identifies inmates, correctional personnel, witnesses and other third parties and includes investigative reports, communications, and other information concerning the investigation. Public dissemination of these materials could unnecessarily compromise institutional security, and the privacy interests of third parties.

3. The Defendant faces charges for attempting to provide a prohibited object, specifically, buprenorphine under 21 U.S.C. § 841(a)(1) and (b)(1)(E). Doc. 25.

2. The United States recognizes that the defense should have the opportunity to review

the materials pre-indictment to facilitate plea negotiations. If those negotiations are unsuccessful and the Defendant chooses to retain an expert qualified to offer opinion testimony at trial derived from this material, their attorneys also should be permitted to provide that expert access to the materials. There is no valid reason, however, for defense counsel to disclose the material to anyone else.

3. Third-parties, inmates, and correctional personnel in this case have obvious, compelling privacy interests in this material. In recognition of that interest, there is good cause to enter a protective order requiring defense counsel to: (1) restrict access to the materials to themselves, their investigator, and an expert qualified to provide opinion testimony at trial based on this material; (2) go over the materials with the Defendant only under circumstances where no other person will view it and not provide the Defendant with a copy of the materials to keep in their possession; and (3) refrain from reproducing or otherwise disclosing information revealed in the materials under any circumstances except as evidence during the trial of this matter without an order from the Court.

4. Entry of such a protective order is an appropriate exercise of the Court's authority to restrict discovery or inspection pursuant to Rule 16(d)(1). There is good cause for the order based on the privacy interests, and entry of the order will not prejudice the Defendant in any way.

5. The United States contacted defense counsel regarding the relief it requests through this motion. The Defendant agrees with entry of the requested protective order.

WHEREFORE, the United States asks that the Court enter a protective order restricting access to, and redistribution of the materials as set forth above.

Respectfully submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

***Electronically filed August 27, 2026***
JAMES A. DICKENS
TANISHA V. HENSON
Assistant United States Attorneys
200 N. Church St.
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I filed the foregoing pleading electronically through the CM/ECF system which caused the following parties or counsel to be served by electronic means, as reflected on the Notice of Electronic Filing, and other methods of service as indicated therein on August 27, 2026:

***Electronically filed August 27, 2026***
JAMES A. DICKENS
Assistant U.S. Attorney