**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 26-CR-2848-SMD |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRIAN ANTHONY PORI**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' NOTICE OF INTENT TO OFFER EXPERT TESTIMONY OF FORENSIC CHEMIST JAY HOPENWASSER**

The United States hereby provides to the defendant those disclosures required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, pertaining to the expert witness testimony of: Jay Hopenwasser. from the Drug Enforcement Agency (DEA) Laboratory. As required by Fed. R. Crim. P. 16, such disclosures include a complete statement of all opinions rendered by this witness that the government intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703, or 705, or during its rebuttal to counter testimony that the defendant has timely disclosed under Fed. R. Crim. P. 16(b)(1)(C). It additionally includes the bases and reasons for the opinions of the witness, the qualifications of the witness, publications authored by the witness in the previous 10 years, and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert.

**Jay Hopenwasser – Forensic Examiner**

Jay Hopenwasser is an expert in the field of seized drug examinations. He is currently a Senior Forensic Chemist at the Drug Enforcement Administrations' South Central Laboratory in

Dallas, Texas. He will describe the accreditation of the DEA Laboratory facilities and their discipline, seized drug examinations. The applicable DEA Laboratory facilities are accredited by the ANSI[1] National Accreditation Board (ANAB) as described on the DEA Laboratory ANAB Scope of Accreditation. The accreditation includes adherence to the ISO/IEC 17025:2017 (ISO 17025) and ANAB AR 3125 standards.

In order to obtain his position as a forensic examiner, Jay Hopenwasser was required to successfully complete an extensive training program at the DEA Laboratory to demonstrate competency, which included written tests, practical exercises, simulated casework examinations, oral boards, moot court exercises, competency tests, and supervised casework. Jay Hopenwasser successfully completed oral boards and passed competency tests in their field. Since being qualified as a forensic examiner, Jay Hopenwasser has demonstrated continued proficiency in his authorized discipline(s) through successful completion of performance monitoring exercises pursuant to the Laboratory Quality Assurance Manual. Jay Hopenwasser has performed drug analysis examinations on hundreds of criminal cases.

**Qualifications, Publications and Testimonies**

All qualifications, publications authored in the previous 10 years, as well as a list of all other cases during the previous 4 years in which forensic examiner Jay Hopenwasser has testified as an expert[2], are contained within his Curriculum Vitae, attached as Exhibit 1.

---

[1] ANSI stands for American National Standards Institute.

[2] The listed testimonies may include other subject areas than seized drug examinations.

**The Witness's Opinions**

Jay Hopenwasser will provide general background information regarding seized drug examinations, including the examinations conducted and the conclusions that were reached. Jay Hopenwasser will testify that when evidence is received at the DEA Laboratory for seized drug examinations, the sample(s) are processed in accordance with the Operations Manual, Quality Assurance Manual, and applicable Technical Procedures in place at the time at the South Central Laboratory.[3] He determined the relevant sample(s) in this case were suitable for analysis.

Jay Hopenwasser will describe the processes used to analyze and identify the seized drug sample(s), which can include the following techniques: visual examinations (to include microscopy and alternate light sources), weight determination, chemical color tests, infrared spectroscopy (IR), ion mobility spectrometry, Raman microscopy, gas chromatography (GC), liquid chromatography (LC), and/or mass spectrometry (MS). The identification of a drug(s) relies upon positive results from two orthogonal techniques (techniques that utilize different fundamental principles of selectivity for characterizing an analyte or class of analytes) with at least one of the techniques providing chemical structure information. The analytical results are compared to reference material(s) (when available) that are analyzed on the same equipment under the same conditions.

At trial, Jay Hopenwasser will testify regarding the limitations of the examination(s), and what his conclusions were. Jay Hopenwasser will explain that a technical review and administrative review was conducted on his FBI Laboratory file records prior to the issuance of the DEA Laboratory Report(s).

---

[3] The Operations Manual, Quality Assurance Manual, and applicable Technical Procedures used in this case have been produced in discovery.

Jay Hopenwasser will testify regarding the examinations he conducted in this case. His full Laboratory Report(s) are forthcoming. His testimony will be provided in accordance with the DEA Approved Standards for Scientific Testimony and Reports and United States Department of Justice Uniform Language for Testimony and Reports.[4]

Upon information and belief, Chemist Jay Hopenwasser will offer the following opinions at trial: that he received 265 total sublingual strips; his examined and tested a representative sample of the "strips" and determined that they contain Buprenorphine and naloxone. Buprenorphine is a Schedule III controlled substance.

**The Basis and Reasons for the Witness's Opinions**

Forensic Examiner Jay Hopenwasser's opinions will be based on the results of the examination(s) of the evidence and are documented in his 1A case file materials, which will be provided in discovery and are hereby incorporated by reference, as well as his training, education, experience, and expertise as a Forensic Examiner. Jay Hopenwasser's expert opinions, and the basis for these opinions, are guided by the Operations Manual, Quality Assurance Manual, and applicable Technical Procedures, each of which has been provided in discovery and are hereby incorporated by reference. Jay Hopenwasser may also rely on peer-reviewed literature to provide context to the seized drug examinations result(s). Jay Hopenwasser has reviewed and approved this notice pursuant to Federal Rule of Criminal Procedure 16(a)(1)(G)(v).

---

[4] DEA Approved Standards for Scientific Testimony and Reports have been provided in discovery. *See* Department of Justice Uniform Language for Testimony and Reports. https://www.justice.gov/olp/uniform-language-testimony-and-reports

**CONCLUSION**

WHEREFORE the United States respectfully requests this Court to allow the above-described expert witnesses' testimony because it has "a reliable basis in the knowledge and experience" in the witnesses' respective disciplines, as prescribed by *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009) (Rule 702's reliability requirement for proffered expert testimony may be satisfied where an expert witness' "specialized knowledge" is "acquired through 'experience' and 'training'").

Respectfully Submitted,
TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

_______________________________

JAMES DICKENS
TANISHA V. HENSON
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I
electronically filed the foregoing using
the CM/ECF system which will send notification to
defense counsel of record by electronic means.

***Electronically Filed on 9/15/2026***
JAMES DICKENS
Assistant United States Attorney