**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 26-CR-2848-SMD |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRIAN ANTHONY PORI**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' NOTICE OF EXPERT WITNESS TESTIMONY OF DIGITAL FORENSIC EXAMINER RAMON GARCIA**

The United States provides notice to Defendants, pursuant to Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705, that the United States intends to offer the following expert testimony in its case-in-chief at trial. The United States submits that the described testimony is not expert testimony but that of a fact witness. Out of an abundance of caution, however, the United States submits this notice. The United States respectfully reserves the right to offer additional testimony by this fact witness, or expert, or other expert witness(es), and for the experts to amend or adjust their opinions and bases for those opinions due to information made known to the experts before or during trial.

## I. Digital Forensic Examiner Ramon Garcia

The United States plans to call as a witness Digital Forensic Examiner Ramon Garcia. Mr. Garcia is employed at the New Mexico Regional Computer Forensic Laboratory, and is assigned to the Computer Analysis Response Team Program. Mr. Gacia was assigned to obtain a forensic extraction of Defendant's cellular telephone and place the extraction into a readable and reviewable format for independent review by the case agent. Mr. Garcia's report has been disclosed to the defense and is attached as Exhibit 1. He is expected to testify about his training

and education regarding conducting a digital forensic analysis, while also maintaining the quality of the data. He is also expected to testify about the number of forensic examinations he has completed, including on computers, cell phones, and other devices. Mr. Garcia's Curriculum Vitae is attached hereto as Exhibit 2.

While some of Mr. Garcia's expected testimony may be factual in nature, he will explain how he obtained information, files, pictures, text messages, and other stored data from Defendant's cell phone. He will explain that he conducted a mobile device extraction and processed the extracted data with available and approved forensic software tools. Mr. Garcia will explain how cell phones are capable of storing data, including, but not limited to, contact information, phone numbers called, missed, and received calls, duration of calls, call details including call history, electronic mail (email) messages, text messages, history, digital images, and internet search histories and results from those internet search histories.

Mr. Garcia has not authored any publications on this topic, nor has he testified as an expert. To the best of his memory, he has testified as follows: (1) in U.S. v. Jiminez, unknown docket number, a federal drug case on April 17, 2024,; (2) in State of New Mexico v. Charles Kauffman, D-1329-CR-2024-00072, a voluntary manslaughter case on June 23, 2025.

## II. Witness' Approval and Signature

I have reviewed and approve of the summary of my anticipated testimony.

____/s/_______________ Approved on September 15, 2026 at 1:49 PM
Ramon Garcia
Digital Forensic Examiner,
Computer Analysis Response Team Program
Albuquerque, New Mexico
Dated: September __, 2026

## III. <u>Applicable Law</u>

Federal Rule of Evidence 702 controls the admissibility of expert testimony and requires district courts to ensure that all scientific, technical, or other specialized testimony of an expert witness is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993); *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 149 (1999) (applying same principles to "technical" evidence). To determine whether an expert's testimony is reliable, the court must "assess the reasoning and methodology underlying the expert's opinion." *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1123 (10th Cir. 2006). Courts consider four nonexclusive factors in determining whether expert testimony is sufficiently reliable:

> (1) whether the theory at issue can be and has been tested;
>
> (2) whether the theory has been subjected to peer review and publication;
>
> (3) whether there is a known or potential rate of error and whether there are standards controlling the methodology's operation; and
>
> (4) whether the theory generally has been accepted in the relevant scientific community.

*See Daubert*, 509 U.S. at 593-94. The Rule 702 inquiry under *Daubert* is a "flexible one," and these factors "do not all necessarily apply . . . in every instance." *Kumho Tire*, 526 U.S. at 150-51. A trial court has the same wide "latitude in deciding *how* to test an expert's reliability . . . as it enjoys when it decides *whether or not* an expert's testimony is reliable." *Id*. at 152 (emphasis in original).

## IV. <u>Conclusion</u>

WHEREFORE the United States respectfully requests this Court to allow the above-described expert witnesses' testimony because it has "a reliable basis in the knowledge and experience" in the witnesses' respective disciplines, as prescribed by *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir.

2009) (Rule 702's reliability requirement for proffered expert testimony may be satisfied where an expert witness' "specialized knowledge" is "acquired through 'experience' and 'training'").


Respectfully Submitted,<br>
TODD BLANCHE<br>
Attorney General<br>
RYAN ELLISON<br>
First Assistant United States Attorney

___________________________________

JAMES DICKENS<br>
TANISHA V. HENSON<br>
Assistant U.S. Attorneys<br>
200 N. Church Street<br>
Las Cruces, NM 88001<br>
(575) 522-2304


I HEREBY CERTIFY that I electronically filed the foregoing using the CM/ECF system which will send notification to defense counsel of record by electronic means.

***Electronically Filed on 9/14/2026***<br>
JAMES DICKENS<br>
Assistant United States Attorney