**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 26-CR-2848-SMD |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRIAN ANTHONY PORI**, | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' NOTICE OF INTENT TO OFFER EXPERT TESTIMONY OF FORENSIC EXAMINER ICEL M. KUZUNETSOVA**

The United States hereby provides to the defendant those disclosures required by Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure, pertaining to the expert witness testimony of: Icel M. Kuzunetsova from the Federal Bureau of Investigation (FBI) Laboratory. As required by Fed. R. Crim. P. 16, such disclosures include a complete statement of all opinions rendered by this witness that the government intends to use during its case-in-chief at trial under Federal Rules of Evidence 702, 703, or 705, or during its rebuttal to counter testimony that the defendant has timely disclosed under Fed. R. Crim. P. 16(b)(1)(C). It additionally includes the basis and reasons for the opinions of the witness, the qualifications of the witness, publications authored by the witness in the previous 10 years, and a list of all other cases in which, during the previous 4 years, the witness has testified as an expert.

**Icel M. Kuzunetsova – Physical Scientist/Forensic Examiner**

Icel M. Kuzunetsova is an expert in the field of latent print processing and comparison. She currently works in the FBI Laboratory Latent Print Operations Unit (LPOU) in Quantico, Virginia. She will describe the accreditation of the FBI Laboratory facilities, including their

discipline, Friction Ridge (e.g., Latent Prints). FBI Laboratory facilities are accredited by the ANSI[1] National Accreditation Board (ANAB) as described on the FBI Laboratory ANAB Scope of Accreditation. The accreditation includes adherence to the ISO/IEC 17025:2017 (ISO 17025) and ANAB AR 3125 standards.

In order to obtain her position as a physical scientist/forensic examiner, Kuzunetsova was required to successfully complete an extensive training program at the FBI Laboratory to demonstrate competency, which included written tests, practical exercises, casework-like examinations, oral boards, moot court exercises, competency tests, and supervised casework. Kuzunetsova was required to successfully complete oral boards on the topics of persistence and uniqueness of friction ridge skin, discriminability of friction ridge prints, Analysis, Comparison and Evaluation (ACE) of friction ridge prints, Next Generation Identification (NGI) searches, and quality assurance measures, and passed competency tests in evidence processing and friction ridge print comparisons. Since being qualified as a forensic examiner, Kuzunetsova has demonstrated continued proficiency in his/her/their authorized discipline(s) through successful completion of performance monitoring exercises pursuant to the Laboratory Quality Assurance Manual. Kuzunetsova has performed latent print processing and comparison on hundreds of criminal cases.

**<u>Qualifications, Publications and Testimonies</u>**

All qualifications, publications authored in the previous 10 years, as well as a list of all other cases during the previous 4 years in which Kuzunetsova has testified as an expert, are contained within her Curriculum Vitae, attached as Exhibit 1.

---

[1] ANSI stands for American National Standards Institute.

**The Witness's Opinions**

Kuzunetsova will provide general background information regarding latent print processing and examination, and the series of steps she employs to conduct a comparison. Kuzunetsova will testify how she received, processed, and conducted examinations (utilizing the ACE method) on the evidence that was submitted to her in the above-captioned case in accordance with the Operations Manual, Quality Assurance Manual, and applicable Technical Procedures in place at the time at the FBI Laboratory.[2]

Items of evidence submitted for friction ridge print examinations may be examined visually, with various forensic light sources, and/or processed with chemicals and powders to detect the presence of friction ridge prints. Different processing techniques are applied depending on the type and condition of the evidence. Latent prints are assessed after processing to determine if they are suitable for comparison, based on the quantity and clarity of the friction ridge detail of those latent prints. A computer program known as Photoshop is sometimes used to digitally process the images of latent prints. The digital processing enhances the contrast between the ridges and substrate (background), improving visualization for the examiner. A physical scientist/forensic examiner then conducts analyses, comparisons, and evaluations ("ACE") of such prints using a series of steps described more fully in Kuzunetsova's Laboratory Report(s). Suitable latent prints can be compared to specific known prints or searched through an automated database.

At trial, Kuzunetsova will testify regarding the limitations of the examinations, and what her conclusions were. Kuzunetsova will explain the verification procedures that were employed in this case, where another qualified latent print examiner from the FBI Laboratory verified her comparisons and conclusions. Upon completion of the required quality assurance measures,

[2] The Operations Manual, Quality Assurance Manual and applicable Technical Procedures used in this case have been produced in discovery.

including verification(s) and blind verification(s), both a technical review and an administrative review was conducted on Kuzunetsova's FBI Laboratory file records prior to the issuance of the FBI Laboratory Report(s). Specifically, the results to which Kuzunetsova will testify regarding the examinations she conducted in this case are:

Item 2, Envelope (1B248, E8491150)
One latent fingerprint IDENTIFIED to DAVIS
One latent fingerprint IDENTIFIED to KING
One latent fingerprint IDENTIFIED to ALCON

Item 3, Envelope with postage labels from Item 2 Envelope (1B248, E8491150)
One latent fingerprint IDENTIFIED to KING
One latent fingerprint IDENTIFIED to ALCON

Item 3-3, Tape from Item 3 Envelope with postage labels (1B248, E8491150)
One latent fingerprint IDENTIFIED to PORI

Item 4, Sixteen (16) pages from Item 2 Envelope (1B248, E8491150)
One latent fingerprint IDENTIFIED to RORIGUEZ

The following table provides information regarding the known friction ridge print records of the individual(s) for comparison:

| **Individual(s) for Comparison** | |
|---|---|
| **Name** | **UCN/DOB** |
| JAMES WILLIAM DAVIS | 771020XE8 |
| GEORGE EARL KING III | M3820F9TP |
| AMORETTE ALAINE ALCON | 11091FH2 |
| SERGIO L RODRIGUEZ | 251467PB8 |
| BRIAN ANTHONY PORI | 867281HG4 |

There are additional latent prints claimed and also potential unanalyzed prints on various items in this case, which will be indicated more clearly in the finalized report. A report will be issued for work completed to date. All images have been retained for potential future analyses and comparisons. These results have been verified/blind verified.

These conclusions will be contained within her Laboratory Report(s) and provided as soon as they are approved and distributed. At this time a preliminary results summary is attached as Exhibit 2. Her testimony will be provided in accordance with the FBI Approved Standards for Scientific Testimony and Reports and the United States Department of Justice Uniform Language for Testimony and Reports.[3]

**LATENT PRINT RECOVERY**

Kuzunetsova will explain the various factors that can affect whether a latent print is either left on or recovered from an item, including: (1) the object's surface, such as whether it is porous or nonporous and whether it is smooth or textured, and how friction or pressure may be applied to the surface; (2) environmental conditions, such as rain, high humidity, dryness, high heat, or low temperatures; (3) the condition of the skin of the person who may have handled the object, including whether their hands were perspiring heavily or excessively dry.

**FRICTION RIDGE SKIN**

Kuzunetsova will explain that friction ridge skin consists of ridges, which are raised portions of skin, and furrows, which are valleys in between the ridges. Friction ridge skin is found on the fingers, palms, and soles of the feet, and friction ridge prints are two dimensional reproductions of the friction ridge features from when the skin touches an item. There are three levels of friction ridge detail in a latent print. Level 1 consists of the general ridge flow of a latent print—that is the general direction or change in direction that the friction ridges take. Level 1 also consists of pattern type, which is generally described in three categories of arch, loop, or whorl;

---

[3] FBI Approved Standards for Scientific Testimony and Reports have been provided in discovery. *See* Department of Justice Uniform Language for Testimony and Reports. https://www.justice.gov/olp/uniform-language-testimony-and-reports

potential anchor/focal points such as a delta, where ridges flow in three separate directions resembling a triangle, and a core, which is the approximate center of a pattern type; as well as orientation and anatomical source, such as a finger, palm, or sole of the foot. Level 2 detail consists of the minutiae in a latent print, such as the ridge endings, bifurcations, and dots; not simply of the presence of the minutiae, but their type, direction, location, spatial relationship to surrounding minutiae, and rarity of the feature. Level 3 detail consists of ridge shapes, ridge edges, ridge angles, and the presence and placement of pores.

**LATENT PRINTS FOR IDENTIFICATION**

Kuzunetsova will opine that latent print examination can be used for purposes of identification. Kuzunetsova will explain the discriminability of friction ridge prints, and she will testify that an identification is an examiner's opinion that two friction ridge prints originated from the same source because the observed friction ridge features are in sufficient correspondence such that she would not expect to see the same arrangement of features repeated in a print that came from a different source.

NEXT GENERATION IDENTIFICATION (NGI)

Kuzunetsova is expected to testify about the FBI's national friction ridge print database, Next Generation Identification (NGI). NGI contains over 160 million known print records and contains a repository of unidentified latent prints. An examiner can search latent prints against the known records in the database. The database returns candidate images for the examiner to compare. NGI does not make identifications; an examiner will conduct a comparison to each returned candidate to reach a conclusion. Unidentified latent prints can be shared with partner agencies to be searched against their databases.

**The Basis and Reasons for the Witness's Opinions**

Physical Scientist/Forensic Examiner Kuzunetsova's opinions are based on the results of the examinations of the evidence and are documented in her 1A case file materials, which will be provided in discovery and are hereby incorporated by reference, as well as her training, education, experience, and expertise as a Physical Scientist/Forensic Examiner. Kuzunetsova's expert opinions, set forth more fully in her report, which will be provided in discovery, and the basis for those opinions, are guided by the Operations Manual, Quality Assurance Manual, and applicable Technical Procedures. Kuzunetsova may also rely on peer-reviewed literature to provide context to the results of the examinations.

Kuzunetsova has reviewed, approved, and signed this notice pursuant to Federal Rule of Criminal Procedure 16 (a)(1)(G)(v).

______________________________

Icel M. Kuzunetsova
Physical Scientist/Forensic Examiner
Federal Bureau of Investigation
Laboratory Division
Quantico, Virginia

**Conclusion**

WHEREFORE the United States respectfully requests this Court to allow the above-described expert witnesses' testimony because it has "a reliable basis in the knowledge and experience" in the witnesses' respective disciplines, as prescribed by *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). *See United States v. Garza*, 566 F.3d 1194, 1199 (10th Cir. 2009) (Rule 702's reliability requirement for proffered expert testimony may be satisfied where an expert witness' "specialized knowledge" is "acquired through 'experience' and 'training'").

Respectfully Submitted,
TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

__________________________________

JAMES DICKENS
TANISHA V. HENSON
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing using the CM/ECF system which will send notification to defense counsel of record by electronic means.

***Electronically Filed on 9/15/2026***
JAMES DICKENS
Assistant United States Attorney