IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

*Plaintiff*,

v. No. 2:26-cr-02848-SMD

BRIAN ANTHONY PORI,

*Defendant*.

**DEFENDANT'S MOTION IN LIMINE**

Pori moves to exclude four categories of evidence at trial. First, Pori moves to prohibit the government from admitting evidence of his prior drug use and methamphetamine addiction. Second, Pori moves to prohibit the government from submitting evidence that Pori traveled regularly between the United States and Mexico prior to the charges in this case. Third, Pori moves to prohibit the government from submitting evidence of any of the rules of regulations of the Cibola County Correctional Center or argue that Pori's sending of mail or bringing in of an eyeglasses case violated any such policy. And fourth, Pori moves to prohibit the government from arguing that he violated his oath as an attorney or that an attorney is held to a higher standard than any other citizen under the introduction of contraband statute. The government, through Assistant United States Attorney James A. Dickens, opposes this motion.

## I. Evidence of Pori's prior drug use and methamphetamine addiction is not admissible.

There are two pieces of evidence that have been disclosed to the Court and to Pori that relate to his past drug use and methamphetamine addiction. The first is Pori's statements to United States Probation as part of preparing the bond report in this case. The second is a statement of a co-defendant that Pori used to purchase methamphetamine from a drug dealer the co-defendant knows. Neither is admissible.

### A. The evidence of prior drug use or addiction is not relevant here.

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Generally, drug use in the remote past is not relevant to the ability to remember, credibility, or any other purpose. *See, e.g., United States v. Smith*, 156 F.3d 1046, 1055 (10th Cir. 1998) (commenting that "the use of certain drugs in the remote past may be entirely irrelevant"). And while "[e]vidence that a witness has used illegal drugs may be probative of the witness' possible inability to recollect and relate," *United States v. Cameron*, 814 F.2d 403, 405 (7th Cir. 1987) (citing *United States v. Banks*, 520 F.2d 627, 631 (7th Cir. 1975)); such evidence is only admissible "where the memory or mental capacity of a witness is legitimately at issue, *id.* The same is true here.

The first category of potential evidence—Pori's statements that he suffers from methamphetamine abuse and has been clean for years—has no relevance to

any of the charges. Whether or not Pori suffers from addiction has no bearing on any fact at issue. Nor does it have any bearing on the elements of either § 1791 charge as the taking in of narcotics is prohibited whether a person is an addict or not.[1] And the same is true of the co-defendant's statement that Pori previously purchased methamphetamine from someone she knew.

### B. Even if relevant, the probative value of evidence of Pori's past drug use or methamphetamine addiction would be outweighed by unfair prejudice.

Even if Pori's past drug use or methamphetamine addiction is relevant, then its admission would be unfairly prejudicial. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Under rule 403, the trial court must weigh the proffered evidence's probative value against its potential for unfair prejudice. *See United States v. Record*, 873 F.2d 1363, 1375 (10th Cir. 1989). "[I]t is only unfair prejudice, substantially outweighing probative value, which permits xclusion of relevant matted [under rule 403]." *United States v. Pettigrew*, 468 F.3d 626, 638 (10th Cir. 2006) (quoting *United States v. Sides*, 944 F.2d 1554, 1563 (10th Cir. 1991)). "In

[1] It is anticipated that the government will argue that Pori's addiction and prior drug use is relevant to Pori's statement to the Milan Police Department that he doesn't know what suboxone looks like or where to get it. But evidence that Pori suffers methamphetamine addiction, which is not an opioid and not treated with suboxone, cuts against that argument. Rather, it demonstrates the lack of relevance here.

performing the 403 balancing test, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000). The decision to admit or exclude evidence according to Rule 403 is within the trial court's discretion. *United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999).

Applying this law, the Tenth Circuit has counseled that "there is considerable danger that evidence that a witness has used illegal drugs may so prejudice the jury that it will excessively discount the witness' testimony." *United States v. Smith*, 156 F.3d 1046, 1055 (10th Cir. 1998) (citing Fed. R. Evid. 403). Because of this, "[a] court must, therefore, be chary in admitting such evidence." *Id.* And it must be especially careful when, like here, admission of past drug use or drug addiction is more akin to a character attack then having any connection to an ultimate issue at trial. *See Meller v. Heil Co.*, 745 F.2d 1297, 1303 (10th Cir. 1984) (excluding evidence of hashish use because the defendant "sought to introduce the hashish pipes for the specific purpose of arousing juror sentiment against the decedent").

Additionally, evidence is unfairly prejudicial if it makes a conviction more likely because it provokes an emotional response from the jury, or if the evidence otherwise tends to adversely affect the jury's attitude toward the defendant wholly apart from its judgment as to the defendant's guilty . . . of the crime charged." *United States v. Rodriguez*, 192 F.2d 946, 951 (10th Cir. 1999). *See also United States v. Caraway*, 534 F.3d 1290, 1301 (10th Cir. 2008) ("To be unfairly prejudice, the evidence must have 'an undue tendency to suggest decision on an improper

basis, commonly, though not necessarily, an emotional one.'" (quoting Fed. R. Evid. 403 advisory committee note) (emphasis omitted)). Here, this means the Court "must deal with an allegation of drug use with some sensitivity because of the highly inflammatory nature of such a charge." *United States v. Sampol,* 636 F.2d 621, 667 (D.C. Cir. 1980). This balancing usually requires a "foundation showing either that the witness was using drugs at the time he observed the events in dispute, or that he is under the influence of narcotics while testifying." *Id.* Absent such a foundation, such evidence is unfairly prejudicial and should be excluded.

**C. Even if Pori testifies, evidence of his prior drug use or methamphetamine addiction would not be persmissible cross-examination.**

The same is true even if Pori testifies at trial. Generally, Rule 608(b) provides mechanisms for attacking witness's character for truthfulness or untruthfulness. *See Montoya v. Sheldon*, No. 10-cv-0360 JB/WBS, 2012 WL 1132505, at *5 (D.N.M. Mar. 20, 2012); *United States v. Huerta-Rodriguez*, 83 fed. R. Evid. Serv. 681, 2010 WL 3834061, at *7 (D.N.M. 2010). That rule states:

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed. R. Evid. 608(a). The truthfulness or untruthfulness of a witness may be attacked by opinion or reputation evidence, without any proffer of evidence of a good character for truthfulness. *United States v. Holt*, 486 F.3d 997, 1002 (7th Cir. 2007). But "[d]rug use is not probative of untruthfulness any more than other illegal

conduct that does not involve deception." *United States v. Fairchild*, 46 F.3d 1152 (Table), 1995 WL 21611, at *3 (10th Cir. 1995) (unpublished). The use of Pori's drug use or methamphetamine addiction, even on cross-examination if he testifies, would be improper under Rule 608.

*        *        *

Evidence of Pori's prior drug use and methamphetamine addiction is not relevant. Even if it was, its admission would be unfairly prejudicial. And its use would even be improper on cross-examination if Pori testified. The government should therefore be prohibited from admitting any such evidence.

## II. Evidence of Pori's travel to Mexico is not admissible.

Throughout this case, the government has framed Pori's travel between the United States and Mexico—which was to study Spanish and was planned before any conduct in this case—as flight from prosecution. But "[t]he decision whether to admit evidence of a defendant's flight at trial is a matter within the discretion of the trial court." *United States v. Lacey*, 86 F.3d 956, 973 (10th Cir. 1996). Here, the Court should exercise that discretion to prohibit the introduction of any evidence of Pori's travel to Mexico.

The courts have cautioned that because there is "doubt as to the probative value of flight evidence . . . its admission . . . should be regarded with caution." *United States v. Jackson*, 572 F.2d 636, 639-40 (7th Cir. 1978). Because of this, there must be some evidence that the travel evidenced a consciousness of guilt. *United States v. Velazquez-Fontanez*, 6 F.4th 205, 224 (1st. Cir. 2021) ("The

government presented evidence to support the inference that Cotto-Andino's consciousness of guilt of the alleged offenses prompted his travel to Cruz-Casto's home."). *See also United States v. Al-Sadawi*, 432 F.3d 419, 424 (2d Cir. 2005) (explaining that flight evidence requires "a satisfactory factual predicate . . . from which the jury can infer consciousness of guilt from flight"). This is often done through the consideration of circumstantial factors evidencing a consciousness of guilt such as "an implausible explanation for one's travels, conflicting statements, and nervousness when questioned." *United States v. Gibson*, 963 F.2d 708, 710 (5th Cir. 1992). *See also United States v. Salameh*, 152 F.3d 88, 157 (2d Cir. 1998) (per curiam) (explaining that circumstantial evidence of consciousness of guilt includes "a one-way ticket out of the country, no luggage, leaving his family behind"). And in the Tenth Circuit, such analysis is often focused on proximity between case events and the making of travel plans. *See, e.g., United States v. Akers*, 215 F.3d 1089, 1102 (10th Cir. 2000); *United States v. Lacey*, 86 F.2d 956, 973 (10th Cir. 1996).

But this circumstantial evidence cannot just point to flight.

> Its probative value as circumstantial evidence of guilt depends upon the degree of confidence with which four inference can be drawn: (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*United States v. Myers*, 550 F.2d 1036, 1049 (5th Cir. 1977). "If the government wishes to offer evidence of flight to demonstrate guilt, it must ensure that each link in the chain of inferences leading to that conclusion is sturdily supported." *United*

*States v. Beahm*, 664 F.2d 414, 420 (4th Cir. 1981). In other words, evidence of alleged flight as consciousness of guilt requires so many inferences that the Court must carefully weigh its admissibility.

Any contention by the government that Pori's travel to Mexico is evidence of consciousness of guilt fails these tests. As has been presented during detention proceedings, Pori made plans to study Spanish in Mexico before he was ever informed that federal authorities suspected him of smuggling contraband. Those plans were made prior to Pori's arrest at the Cibola County Correctional Center. Those travel plans were disclosed to the state court when he was arrested and to the federal government by his counsel once the state charges were dropped. Pori had many months of flights to Mexico City and back to various locations in the United States books well before any alleged conduct in this case. And Pori has shown that his travel to Mexico City that resulted in his arrest in this case was preplanned travel to meet a childhood friend and her husband that were visiting Mexico City.

"Since flight evidence can be powerful, the requirement of a sufficient factual predicate "ensures that the evidence is probative in a legal sense and protects the defendant against the possibility of the jury drawing unsupported inferences from otherwise innocuous behavior." *Al-Sadawi*, 432 F.3d at 424 (citing *United States v. Amuso*, 21 F.3d 1251, 1260 (2d Cir. 1994)). But the government cannot meet this burden. Evidence of Pori's travel between the United States and Mexico should not be admitted at trial.

## III. Any evidence or argument that Pori violated the rules or regulations of the Cibola County Correctional Center or the U.S. Marshals is not relevant.

During the various detention hearings in this case, the government and the Court have referenced that Pori's behavior violated the rules or regulations related to sending attorney-client mail to a jail and bringing eyeglasses to an inmate in a federal jail. Reliance by the Court on such evidence was understandable because § 1791 makes it a crime to violate "a statute or a rule" prohibiting the introduction of a prohibited object at a federal jail. 18 U.S.C. § 1791(a)(1). But the government chose to charge each count as the violation of a statute—21 U.S.C. §§ 841(a)(1) and 841(b)(1)(E), which makes it unlawful to possess a schedule III-controlled substance with the intent to distribute it. *See* Dkt. 25. In other words, the government decided to allege that Pori violated a statute rather than the rules of the facility or any relevant regulation. By doing so, the rules and regulations of the Cibola County Correctional Center or the U.S. Marshals Service became irrelevant because whether Pori violated those rules or regulations has no bearing on whether the bringing in of a controlled substances violate § 841(a)(1). The government should thus be prohibited from introducing any evidence of the rules of sending attorney-client mail, brining glasses to inmates, or the regulations of the U.S. Marshals Service at trial.

## IV. The government should be prohibited from arguing that Pori violated his oath as an attorney or otherwise should have known that the mail and glasses case contained contraband merely because he was an attorney.

Finally, the government has contended at multiple hearings that Pori violated his oath as an attorney by the alleged bringing in of contraband to the Cibola County Correctional Center. Underlying this argument is the government's contention that Pori should have known that sending documents he received from a client's family through legal mail or bringing in a glasses case given to him by a client's girlfriend was inappropriate. But "an attorney is not held to a higher standard of conduct, or legal obligation." *United States v. Maniego*, 710 F.2d 24, 28 (2d Cir. 1983). *See also United States v. Jones*, 10 F.3d 901, 909 (1st Cir. 1993) ("Jones could have requested a special jury instruction that attorneys are held to the same standard of conduct as others, and failed to do so."). This is because "the issue for the jury . . . [is Pori's] knowledge of [ ] material facts, not [his] professional obligations." *Maniego*, 710 F.2d at 28.

This Court has anticipated the issue presented by Pori's profession, stating multiple times that it intends to treat Pori like any other defendant without treating him more harshly or giving him special treatment. This makes sense. After all, the law does not place any special legal duty on an attorney. *See, e.g., Kisser v. Coalition for Religious Freedom*, 1996 WL 66118, at *2 (N.D. Ill. Feb. 14, 1996) ("While it is hard to believe that an attorney would support the article, attorneys are not held to a higher standard than journalists under the First Amendment."). And courts have noted that "an attorney, like a public official, lives in the public eye

and thus may well be held to a higher standard of conduct by a jury regardless of any cautionary instructions." *United States v. Tsanges*, 582 F. Supp. 237, 241 (S.D. Ohio 1984).

The government should therefore be prohibited from making any argument that Pori should have known that the mail or eyeglasses case contained contraband. And the government should be prohibited from making any argument that even implies that Pori be held to a higher standard because he is an attorney.

**Conclusion**

The motion should be granted.

Respectfully submitted,

*<u>/s/ Nicholas T. Hart</u>*

Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
nick@harrisonhartlaw.com

*Counsel for Defendant*

Dated: September 21, 2026

**CERTIFICATE OF SERVICE**

I certify that, on September 21, 2026, I electronically filed this motion with the Clerk of the Court for the U.S. District Court for the District of New Mexico using the CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart