IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

*Plaintiff*,

v. No. 2:26-cr-02848-SMD

BRIAN ANTHONY PORI,

*Defendant*.

**UNOPPOSED MOTION TO COMPEL PRODUCTION OF CO-CONSPIRATOR STATEMENTS INTENDED TO BE ELICITED AT TRIAL**[1]

Defendant Brian Pori moves to compel the government to produce and designate all out-of-court statements made by alleged co-conspirators that it intends to elicit at trial, regardless whether the basis for admissibility is Federal Rule of Evidence 801(d)(2)(E)—the conconspirator exemption to the hearsay rule—or some other hearsay exception or exemption. Such a request is consistent with a basic pretrial practice adopted by many United States District Judges in this district. For example, as then-Chief Judge Johnson recently ordered in another case:

> The government should file a disclosure with all co-conspirator statements it intends to elicit at trial, whether under FRE 801(d)(2)(B)-(E) or by way of a putative non-hearsay use (i.e., not for the truth of the matter asserted) or hearsay exception. The disclosure should contain (a) the statement to be elicited; (b) the identity of the declarant and the time the statement was made; and (c) an explanation of the conspiracy involved, how the statement

[1] The government, through Assistant United States Attorney James A. Dickens, does not oppose this motion. He has represented that he can make the disclosure requested in this motion by October 19, 2026. The parties therefore request that any *James* hearing occur after that date.

> furthers the conspiracy, and/or the statement's non-hearsay use or foundation for the relevant exception. No response to the disclosure is necessary.

*United States v. Rockmen*, No. 23-cr-1774-WJ-2, Notice of Agreed Scheduling Order at 12 (Doc. 58) (D.N.M. Nov. 1, 2024) (Johnson, C.J.) (adopted by Court at Doc. 59). Indeed, the same process has been followed by other judges in this district. *See, e.g., United States v. Pena*, No. 23-cr-00748-KWR, Order Granting Motion to Compel James Disclosure (Doc. 292) (D.N.M. Nov. 14, 2024 (Riggs, J.) (scheduling a hearing pursuant to *United States v. James*, 590 F.2d 515 (5th Cir. 1979), and requiring the government's disclosure to include statements it seeks to admit under Rule 801(d)(2)(B)-(E) through a proffer of "(a) the statement to be elicited; (b) the identity of the declarant and the time the statement was made; and (c) an explanation of the conspiracy involved, how the statement furthers the conspiracy, and/or the statement's non-hearsay use or foundation for the relevant exception," and statements it seems to admit under Rule 801(d)(2)(E) through an additional proffer of "(a) the identity of the co-conspirator who made the alleged statement; (b) the identity of the person or persons to whom the co-conspirator statement was made; (c) the conspirator statement itself; (d) when the statement was made; and (e) how the statement is in the court of an in furtherance of the alleged conspiracy"); *United States v. Padilla*, No. 22-CR-00634-JB, United States' Notice of Supplemental *James* Statements (Doc. 174) (D.N.M. Nov. 20, 2023) (disclosing, upon Court's request, a chart including all co-conspirator statements to prepare the Court for a *James* hearing).

While Pori has not been charged with conspiracy, the government has produced hundreds of pages of out-of-court statements including messages sent and received by inmates represented by Pori, inmate phone calls, witness interviews, and other hearsay records. It is anticipated that, barring every former client or potential witness testifying against Pori, the government will seek to introduce at least some of these statements through Rule 801(d)(2)'s subsections. Such a procedure—with a workable designation of each individual statement—is therefore necessary and will allow the Court to pragmatically assess the admissibility of alleged co-conspirator statements prior to trial, which safeguards defendants against the enormous risk of prejudice if such statements are wrongly admitted. This rationale, in turn, accords with the Tenth Circuit's "strong preference for *James* proceedings." *United States v. Townley*, 472 F.3d 1267, 1273 (10th Cir. 2007). *See also United States v. Urena*, 27 F.3d 1487, 1491 (10th Cir. 1994) (explaining that the reason for the Tenth Circuit's preference for *James* hearings "is that if the court provisionally admits a statement with the idea that the statement and over evidence will later 'connect up' showing the existence of a predicate conspiracy, there is the risk of undue prejudice if in the end the evidence does not in fact 'connect up'"). Critically, this prejudice risk is inherent to *all* co-conspirator statements, even if the government argues admission under some non-801(d)(2)(E) hearsay exception or exemption.

In essence, Pori argues the Court should order the government to produce and individually designate *all* out-of-court statements made by alleged co-

conspirators that it intends to elicit at trial, whether the basis for admissibility is Federal Rule of Evidence 801(d)(2)(E) or some other rule, hearsay exception, or hearsay exemption.[2] As noted above, a broad disclosure of this nature is justified because it is the *nature* of these statements—i.e., the fact that they are statements of an alleged co-conspirator—that makes them so prejudicial if wrongly admitted, and not the legal basis for their admission (which, of course, the jury does not know about and would not care if it did). Again, this potential prejudice is thew hole reason that the *James* court held that this particular Rule 104(a) determination should—generally—be made pretrial. *See James* 590 F.2d at 579 ("The admissibility of a coconspirator's declarations in a conspiracy trial, however, does pose problems precisely because they are relevant. Such evidence endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror . . . ."). Moreover, the Rule 104(a) evidentiary foundations that must be laid by the government to introduce statements under the other Rule 801(d)92) provisions are often only slightly different from those required under Rule 801(d)(2)(E).[3]

---

[2] This individual designation is usefully done in a chart or table but could be formatted according to the Court's preferences.

[3] For example, the government should not be permitted to avoid disclosing co-conspirator statements simply because the statements might plausibly be admissible under Rule 801(d)(2)(D), which says that statements which are "made by the party's agent or employee on a matter within the scope of that relationship and while it existed" are not hearsay. In short, those statements should certainly be disclosed, even if the government wants to make parallel and overlapping arguments for admission under different Rule 801(d)(2) subdivisions.

## Conclusion

The motion should be granted, and the government should be ordered to identify any statement it intends to admit under Rule 801(d)(2) and its subdivisions. The Court should then hold a *James* hearing prior to trial to assess the admissibility of these statements.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
nick@harrisonhartlaw.com

*Counsel for Defendant*

Dated: September 21, 2026

**CERTIFICATE OF SERVICE**

I certify that, on September 21, 2026, I electronically filed this motion with the Clerk of the Court for the U.S. District Court for the District of New Mexico using the CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart