**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 26-CR-2848-SMD |
| | ) | |
| vs. | ) | |
| | ) | |
| **BRIAN ANTHONY PORI**, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>RESPONSE IN OPPOSITION TO THE DEFENDANT'S MOTION IN LIMINE</u>**

The United States hereby responds to the defendant's Motion in Limine [Doc. 85] and respectfully requests the Court to deny the motion.

In his motion, the defendant seeks to suppress four categories of evidence at trial. Each of these objections comes down to a basic argument that the expected evidence is either irrelevant to the crimes charged or, even if it is relevant, its admission would be unfairly prejudicial to the defendant. Relevance is defined by Federal Rule of Evidence 401. Rule 401 is a rule that encourages inclusion rather than exclusion. *United States v. McVeigh*, 153 F.3d 1166, 1190 (10th Cir. 1998). Evidence is relevant if "(a) it has **any tendency** to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401 (emphasis added). "[U]nder Rule 401 a fact is 'of consequence' when its existence would provide the fact-finder with a basis for making some inference, or chain of inferences, about an issue that is necessary to a verdict. *Id.* The Court should admit relevant evidence unless it determines that the "probative value is **substantially outweighed** by a danger of one or more of the following: **unfair** prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403 (emphasis

added). Every piece of evidence offered by one party will be prejudicial to the other. Thus, before a court excludes any evidence under a 403 analysis, it must first determine that its probative value is substantially outweighed by the danger of unfair prejudice. The defendant is correct in this motion when he writes:

> "In performing the 403 balancing test, the court should give the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value." *Deters v. Equifax Credit Info. Servs., Inc.*, 202 F.3d 1262, 1274 (10th Cir. 2000). The decision to admit or exclude evidence according to Rule 403 is within the trial court's discretion. *United States v. Lugo*, 170 F.3d 996, 1005 (10th Cir. 1999).

Doc. 85, pp. 3-4.

**I. The defendant's prior drug addiction and current drug use is relevant evidence of his knowing involvement in the current criminal behavior.**

The defendant's past drug use and addiction have arisen at various times during the investigation and prosecution. In his motion, the defense mentions two such occasions: in the Pretrial Services Report[1] and when a codefendant was questioned about why Pori might have participated in bringing drugs into the Cibola County Correctional Center ("CCCC"). Doc. 85, p. 2. However, there was an additional recorded statement made directly by the defendant. In his post-arrest statement, the defendant stated he was a recovering addict and his drug of choice was methamphetamine. His statements were given in response to, or as a justification for, his revulsion to drug use and distribution. Specifically, he stated, "I feel strongly about drug addiction being a recovering addict myself." *Id*. In its motion, defense seeks to exclude all evidence of drug use or

[1] The Pretrial Services report reads, "At the request of defense counsel, the defendant was not questioned regarding any current or history of alcohol consumption or illicit drug use/abuse; however, the defendant self-disclosed he has been alcohol free since 2008, and narcotics free since 2016. He stated he was hospitalized for 30 days for substance abuse treatment in Tucson, Arizona. The defendant stated he possesses a medical marijuana card." Doc. 12, p. 3.

addiction claiming the United States intends to use such evidence as bad character evidence. However, the Unites States has legitimate and lawful reasons for delving into this topic.

The United States expects a major part of the defense to center around two claims the defendant made in his post-arrest statement. First, the defendant claimed he did not know that the paperwork he mailed into the CCCC as legal mail on December 8, 2025, was laced with narcotics. Nor was he aware of the Suboxone strips which were in the glasses case that he physically brought into the CCCC on March 11, 2026. Second, there was no motivation for the defendant to engage in drug transactions for his clients. Thus, he was a blind mule on both occasions. When one of the co-defendants was arrested, law enforcement asked how she knew the defendant would be willing to bring drugs into the CCCC. The codefendant mention that the defendant purchased drugs for his own personal use. Specifically, the co-defendant stated the defendant was known as someone who would bring drugs into the CCCC. The co-defendant learned this information from one of the defendant's former clients, an individual known as "Moffie." The co-defendant also mentioned a "friend" told her the defendant buys methamphetamine for his own personal use. It was with this knowledge the co-defendant knew the defendant "wasn't good." In context meaning the defendant would be agreeable with bringing controlled substances into the CCCC. Thus, the defendant's current drug use is relevant as to why others approached him to bring controlled substances into the CCCC. This is not merely bad character evidence, rather it is an answer to the defenses the defendant gave in his interview.

Additionally, the United States expects the defense to argue, as the defendant did in his post-arrest interview, that he is adamantly against drug use and counsels his clients to avoid drug use. Again, discussing the defendant's past and/or present drug use would be relevant to the jury's evaluation of this claim. The defendant should not be allowed to use this as both a sword and a

shield where he proclaims himself a crusader against drug use while cloaking his past or current addiction issues.

Finally, questioning the defendant about his personal knowledge of drug addiction and an addict's overwhelming desire to obtain their drug of choice, would be a relevant line of questioning as to why he would not be more vigilant against his own clients' attempts to get drugs into the facility through him. His personal knowledge of the extraordinary lengths drug addicts will go through to obtain drugs would have caused a reasonable person, especially a person with personal substance abuse addiction background, to more closely scrutinize the items inmates wanted brought into the facility. This line of questioning is not merely seeking to enter bad character evidence. Rather it directly addresses defense arguments.

The United States has both legal and legitimate reasons to address the defendant's past and current drug addiction issues. This evidence tends to make a fact at issue in the case more or less probable than it would be without the evidence. Specifically, it addresses the expected defense that the defendant was a blind mule, unaware of the narcotic drugs he was transporting into the CCCC. A person with a personal history of drug use would take even the simplest precautions before introducing items into the CCCC that contained controlled substances; e.g. send only copies of paperwork he obtained from the inmates families and examine the glasses case he was asked to deliver to the inmate. Thus, this evidence is relevant under Fed. R. Evid. 401. When the defendant affirmatively puts forth a defense of ignorance, evidence that directly discredits that defense cannot be said to have a probative value that is substantially outweighed by a danger of unfair prejudice. The Court, giving "the evidence its maximum reasonable probative force and its minimum reasonable prejudicial value" would be absolutely justified in denying the defendant's motion. See, *Deters*, 202 F.3d at 1274 (10th Cir. 2000).

**II. The evidence of the defendant's flight to Mexico City is relevant and should be submitted to the jury.**

The defense seeks to suppress any mention of the defendant's flight from the United States. The defense is asking the Court to find there is no evidence of flight because the defense has proffered non-inculpatory explanations for the defendant's flying to Mexico City on or about May 21, 2026. However, in the case cited in the defendant's motion, the 10th Circuit has "rejected the notion that, in order for evidence of flight to be admissible in a criminal prosecution, there can be only one possible explanation for the defendant's flight: guilt of the crime or crimes charged." *United States v. Akers*, 215 F.3d 1089, 1103 (10th Cir. 2000) *See, United States v. Lepanto*, 817 F.2d 1463, 1467 (10th Cir. 1987) (holding that guilt of the charged offense need not be the only possible inference to be drawn from evidence of flight, it need only be a permissible inference). At the detention hearings and in the related pleadings, both parties presented the court with competing explanations for the defendant's travel to Mexico. *See,* Docs. 15, 21, 28, and 38. This honorable Court, and Magistrate Judge Martinez, having heard those arguments, found that the defendant was a flight risk and ordered him detained. The fact that there are competing narratives to the defendant's behavior does not make the evidence irrelevant or unduly prejudicial.

The probative value of this evidence is not substantially outweighed by the danger of undue prejudice. Fed. R. Evid. 403. Thus, the evidence should be admitted over the defendant's objection.

**III. The defendant's repeated violations of the rules and regulations of the Cibola County Correctional Center are evidence of his knowledge and complicity in the criminal enterprise.**

The defense argues the rules and regulations of the Cibola County Correctional Center are not relevant because the United States charged him with violating 18 U.S.C. § 1791, by possessing a controlled substance with the intent to distribute, rather than violating the rules and regulations

of the CCCC. The defense argument ignores that the rules and regulations of the CCCC are meant to prevent persons, like the defendant, from distributing drugs into the CCCC. In other words, the defendant's intentional violation of CCCC's rules and regulations demonstrates his knowledge that he was bringing contraband into the facility. The Court noted in its Order Denying the Defendant's Motion to Amend the Detention Order that when he "was questioned about the Buprenorphine-coated legal papers, the defendant responded by explaining that he never takes originals in, but rather makes photocopies, because he knows paperwork can be tampered with, which further illuminates defendant's knowledge of the need to take precautions to avoid introducing contraband into the jails, and his alleged disregard for those typical precautions." Doc. 57 at 4. The probative value of this evidence is not substantially outweighed by the danger of undue prejudice. Fed. R. Evid. 403. Thus, the evidence should be admitted over the defendant's objection.

**IV. The jury can and should be permitted to take into consideration the defendant's position of authority as an attorney when determining its verdict.**

The defense argues that it would be prejudicial to permit the United States to argue the defendant should be held to a higher standard "merely" because he is an attorney. Doc. 85 at p. 10. The United States agrees in part and disagrees in part. The United States does not intend, and will not argue, that the jury should use a standard below beyond a reasonable doubt in determining the defendant's guilt. However, this is not the same as arguing that the defendant, as an attorney, does not have greater knowledge than other members of society about the rules and regulations of the CCCC; the need to prevent inmates from obtaining narcotics; the prohibition against mixing personal and legal mail in attorney communications with inmates; that he was in a position of trust with the security personnel at the CCCC which permitted him to enter with less scrutiny that the general public; he should be aware that he could not bring in prohibited items like glasses into the

facility; and that he has an ethical duty of candor that was violated by engaging in dishonesty, fraud, deceit, or misrepresentation. Presenting an envelope to a jail labeled "Legal Mail" or "Privileged," when it contains unprivileged family letters should be considered a fraudulent misrepresentation to law enforcement. *See,* NMRA 16-804 and Model Rules of Prof'l Conduct r. 8.4.

If the Court prohibits the United States from arguing that the jury should take into consideration that the defendant, as an attorney, enjoys a position of legal protection and trust, then the defense should be prohibited from arguing, which it has during the detention hearings, that as an attorney with decades of experience the defendant would never throw away his career to commit these crimes. Once again, the defendant wants to enjoy the benefits of his argument without subjecting himself to the natural response by the United States.

## V. Conclusion

For the reasons stated above, the United States respectfully requests that the Court deny the defendant's motions, finding that the evidence discussed is relevant as it has a tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action before the Court. Additionally, the probative value of this evidence is not substantially outweighed by the danger of unfair prejudice. Finally, there are no other legal grounds presented that would prohibit the proffered testimony's admission.

Respectfully Submitted,
TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

***Electronically filed October 5, 2026***
JAMES DICKENS
TANISHA V. HENSON
Assistant U.S. Attorneys
200 N. Church Street
Las Cruces, NM 88001
(575) 522-2304

I HEREBY CERTIFY that I electronically filed the foregoing using the CM/ECF system which will send notification to defense counsel of record by electronic means.

***Electronically Filed on 10/5/2026***
JAMES DICKENS
Assistant United States Attorney