**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **No. 26-cr-02848-SMD**

**BRIAN ANTHONY PORI,**

**Defendant.**

**AMENDED ORDER**

THIS MATTER is before the Court on Defendant Brian Anthony Pori's Motion to Reconsider Detention Order, filed August 18, 2026. Doc. 62. In addition to all the materials the Court reviewed in preparation for, and argument of counsel at the July 28, 2026 hearing, the Court has reviewed Defendant's Motion to Reconsider and the United States' Response in opposition, Doc. 67, and is now fully advised on this matter. The Court hereby amends its October 8, 2026 order, Doc. 92, to specify the conditions of Defendant's location monitoring. All other terms of the original order remain the same.

It is the government's burden to prove by a preponderance of the evidence that the defendant is a flight risk, and by clear and convincing evidence that he is a danger to any other person or the community. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The relevant factual findings regarding each of the factors I previously considered, pursuant to 18 U.S.C. § 3142(g), which were detailed in my detention Order in this case, Doc. 57, are fully incorporated by reference herein and need not be restated.

I remain deeply concerned about Defendant's comfort and experience traveling between the United States and Mexico, and his potential ability to make it across the U.S./Mexico border and then fly anywhere he can afford to go, which presents a significant risk of non-appearance. It

remains that without regular employment, or the possibility of resuming defense work while his license is suspended, there's little besides this case keeping Defendant tied to New Mexico. Furthermore, the alleged disregard for the rules and norms that are meant to protect those who are in a detention facility from the unsupervised administration of opioids presents a serious threat to that community. This continues to inform my grave concern for Defendant's ability to follow the Orders of this Court and to return for trial.

However, the circumstances of this case and the Defendant have changed since the detention hearing. To begin, the government has formally dismissed Count 3, the most concerning charges that it originally brought. While that was not a consideration in my original Detention Order, the fact that the charge remained pending would have made fashioning conditions more difficult had I previously found conditions could be fashioned for release. Defendant has lived and practiced as a defense attorney in New Mexico for nearly 30 years. He owns a home in Albuquerque, which was previously rented to tenants. However, importantly, that lease has expired and his home is available to him and now approved by Pretrial Services. Pretrial Services has also approved a Third Party Custodian. In light of these changes, I believe the original conditions proposed by Pretrial Services with some amendments, below, will reasonably assure Defendant's presence at future hearings and trial, despite my continued concerns.

THEREFORE, upon consideration of all the facts and arguments presented, pursuant to 18 U.S.C. § 3142(g), based on the totality of factors incorporated by reference and described above, I FIND conditions of release can be fashioned to reasonably assure Defendant's presence at trial, and

THEREFORE ORDER Defendant released pending resolution of this matter.

FURTHERMORE, The conditions previously proposed by Pretrial Services on June 5, 2026, are imposed with the following amendments:

1. Defendant is released to the custody of the approved Third Party Custodian. He is to reside at his residence, which has been approved by Pretrial Services, and maintain daily phone or in-person contact with the Third Party Custodian;
2. Defendant will sign a $10,000.00 appearance bond, co-signed by the Third Party Custodian, and secured with 20% to the Court;
3. Defendant is placed on home incarceration with an active Global Positioning System ("GPS") location monitoring; and
4. The sex offender conditions previously proposed are no longer necessary and will not be imposed.

IT IS SO ORDERED.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**