IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

*Plaintiff*,

v. No. 2:26-cr-02848-SMD

BRIAN ANTHONY PORI,

*Defendant*.

**DEFENDANT'S RESPONSE TO THE GOVERNMENT'S MOTION IN LIMINE**

The government's motion in limine raised 13 generic issues without specificity and without any reference to actual evidence it seeks to exclude or admit. *See* Doc. 84. Of those 13 requests, Pori understands the law and does not intend to introduce evidence of the Court's pretrial rulings, plea negotiations, offers to stipulate, the defendant's health, the possible consequences of sentencing, commenting on the absence of an equally available witness, or engaging in jury nullification. The government's remaining requests, however, should be rejected.

*Allegations of government misconduct*. The government's motion first asks that Pori be prohibited from "introducing any evidence, making any statement, or asking any questions regarding allegations of government misconduct." Doc. 84, at 1. Pori does not intend to introduce evidence of government misconduct. The government, however, continues to provide voluminous amounts of discovery. So it is impossible for Pori to respond to this request from a form motion. To the extent,

however, that the government's motion seeks to prohibit Pori from engaging in cross-examination or presenting evidence, including allegations of government misconduct, related to the reliability of certain evidence or a witness's motive or bias, then the motion should be denied. *See United States v. Romero,* 2023 WL 2413774, at *2 (D.N.M. Mar. 8, 2023) (explaining that "certain facts about the quality or bias of the government's investigation . . . when [that evidence] would affect the reliability of a particular piece of evidence, the quality of the government's witnesses, or the weight to be given evidence produced by the investigation" may be presented by a defendant during trial). If such evidence becomes available, Pori intends to use it only within the confines of the Rules of Evidence.

*Evidence known only to Mr. Pori*. The government's motion seeks exclusion of "any evidence, [ ] any statement, or . . . questions regarding any information or facts which could only otherwise come to the jury's attention through the sworn testimony of the defendant, unless defense counsel informs the Court that their client will, in fact, testify." Doc. 84, at 2. The motion, however, does not explain what that means. Nor does it define "information or facts which could only otherwise come to the jury's attention through the sworn testimony of the defendant." The failure to identify which evidence it seeks to exclude and explain why such evidence is not admissible requires that the motion be denied. *See, e.g., United States v. Sena*, 2021 WL 4129247, at *4 (D.N.M. Sept. 9, 2021) ("Courts look with disfavor on motions in limine the gist of which is that the opposing party should be required to comply with the rules of evidence without identifying specific

evidence which there is reasons to believe may be introduced.") (citation modified); *United States v. Begay*, 497 F. Supp. 3d 1025, 1089 (D.N.M. 2020) ("The Court will deny the United States' request for a categorial exclusion, because the United States does not identify any specific issues."); *Scotts v. GEICO Ins. Co.*, 2018 WL 4832625, at *1 (W.D. Okla. July 12, 2018) ("A motion in limine should address specific evidence that is irrelevant, inadmissible[,] or prejudicial. Thus, motions in limine that generally lack specificity as to particular evidence are properly denied.").

*Defense Exhibits*. The government also asks to prohibit Pori from "introducing any evidence, making any statement, or asking any questions regarding defense exhibits that have not previously been supplied to counsel for the United States." Doc. 84, at 2-3. At this point, Pori only intends to offer evidence the government disclosed as exhibits in this case. Pori, however, will likely serve trial subpoenas that include requests for records. And Pori continues to investigate this case and may uncover or decide to use documents not disclosed by the government. Should Pori identify exhibits he intends to use during his case-in-chief, then the records will be immediately provided to the United States.

Despite this, the government's motion includes an overbroad statement of the discovery rules. Rule 16(b)(1)(A) only applies to a defendant's case-in-chief. *See United States v. Harry*, 2014 WL 6065705, at *10 (D.N.M. Oct. 14, 2014) (concluding that "the term case-in-chief . . . refers to evidence that a party presents between the time that the party calls its first witness and the time the party rests.")., This

means that evidence a defendant intends to only use for cross-examination during the government's case-in-chief is not discoverable. *Id.* And this rule does not apply to impeachment material, because such "material is not part of a defendant's case-in-chief." *Id.* Therefore, while Pori is aware of his obligations to engage in reciprocal discovery under Rule 16, the government's request is overbroad and should therefore be denied.

*Improper character evidence*. The government also asks that Pori be precluded from "introducing evidence of . . . [his] general good character or specific instances of good conduct that would constitute improper character evidence under Federal Rule of Evidence 404." Doc. 84, at 5-6. As the motion recognizes, however, certain types of character evidence may be admitted by a defendant. And Pori intends to do so. That evidence will fully comply with the rules of evidence.

*Defendant's out-of-court statements*. Next, the government seeks to prohibit Pori from introducing any of his own out-of-court statements. *See* Doc. 84, at 7-8. This request fails because it is overbroad. While the government correctly recites the law related to Rule 801, it ignores that a defendant's out-of-court statement may be admitted under Rule 803, other rules of evidence, or for a non-hearsay purpose. Therefore, while Pori may be prohibited from introducing his own out-of-court statements under Rule 801, he may still introduce such statements under another exception or exemption to the rule against hearsay.

*Unrelated attempts to secrete contraband to inmates*. Finally, the government asks that Pori be prohibited from "introducing any evidence, making any statement,

or asking any questions regarding unrelated attempts to secrete contraband to inmates." Doc. 84, at 8. In making this request, the government fails to identify what it is seeking to exclude. That alone justifies denying the motion. *See Sena*, 2021 WL 4129247, at *4. But other efforts to smuggle contraband may be relevant and admissible. For example, evidence that another charged defendant or involved party sought to smuggle contraband into a jail while also hiding the existence of the contraband from others is relevant and admissible. The government's motion should therefore be denied.

**Conclusion**

The government's motion seeks only to remind the Court and Pori of the Rules of Evidence and its general parameters. Such a motion is improper. The government's motion in limine should be denied.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
nick@harrisonhartlaw.com

*Counsel for Mr. Pori*

Dated: October 9, 2026

**CERTIFICATE OF SERVICE**

I certify that, on October 9, 2026, I electronically filed this response with the Clerk of Court for the U.S. District Court for the District of New Mexico using the CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart