IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

BRIAN ANTHONY PORI,

Defendant.

CRIMINAL NO. 26-CR-02848-SMD

**UNITED STATES' PROPOSED VOIR DIRE**

The United States respectfully requests permission from the Court to ask the following questions in its examination of the prospective jurors. The United States further requests to pursue more detailed questioning, if additional inquiry is appropriate, and to conclude with an inquiry as to whether particular facts or circumstances would influence a juror for or against either the United States or the defendant and whether the juror can be fair and impartial. The Court is requested to invite prospective jurors to approach the bench to respond outside the hearing of the rest of the panel if they so desire.

A. General

The parties to this case are entitled to trial by a fair and impartial jury. These questions are intended to help us ascertain whether there is anything that would interfere with your ability to give both the United States and the defendant a fair trial.

1. With that brief introduction, let me just ask at the threshold if there is any reason that you are aware of that you could not be fair to both the United States and the defendant?

2. This trial is anticipated to take up to five days. Is there any reason why you would not be able to devote your full attention to the trial?

B. The Charges

1. The defendant in this case is Brian Anthony Pori. The indictment charges two attempts to bring a controlled substance, Suboxone, into the Cibola County Correctional Center on two dates: December 8, 2025, and March 11, 2026. It is alleged that Mr. Pori attempted to use his position as an attorney to get the controlled substance to his clients where were inmates. Has any juror heard or read anything about this case?

2. Does any juror have any relatives, friends, or associates who know or who have had any dealings with Mr. Pori?

3. The controlled substance was not delivered to the inmates, as they were intercepted prior to delivery. Thus, Mr. Pori is charged with attempting to deliver the controlled substance. Under the law, a defendant may be found guilty of attempting to commit a crime, even though he did not do all of the acts necessary in order to commit the crime. However, the defendant may not be found guilty of attempting to commit any crime merely by thinking about it, or even by making some plans or some preparation for the commission of a crime. For example, if a person intends on robbing a bank and enters the bank with a weapon and a demand letter, but is stopped before the letter is delivered and any money is taken, is guilty of an attempted robbery. Can you follow the Court's instructions on the law of attempt, even if they differ from any prior understanding you may have had?

4. Under the law, a person may not avoid criminal liability by deliberately ignoring or refusing to inquire about facts that would be obvious to a reasonable person in the same situation. This is sometimes called "willful blindness" or "deliberate ignorance." Going back to our bank robbery example, if a taxi driver takes a masked man to a bank, sees the man is armed with a gun, sees him enter the bank, waits for him to run back out and then drives him away as the bank alarm

starts sounding, these are circumstances that would cause a reasonable person to suspect that the bank was just robbed, correct? However, the person deliberately chooses not to ask questions or investigate because they prefer not to know the truth, the law permits the jury to find that the person had knowledge that the bank was robbed, and the driver assisted the robber by driving him away. Can you follow the Court's instructions regarding willful blindness or deliberate ignorance if the Court gives such an instruction?

5. The law does not distinguish between direct and circumstantial evidence. Both or either can be a sufficient ground for the jury to reach a decision. Direct evidence is you seeing rain falling from the sky. Circumstantial evidence is you entering the court without seeing evidence of rain, being inside for a while and then walking out to the whole area being wet. We would all recognize that it rained while we were inside, correct? None of you would be clueless and just wonder what could have made the world wet while you were inside.

C. The Parties

1. Do any jurors know, or have had previous dealings, directly or indirectly, with Reynaldo Antonio Vargas, Timonthy Bachicha, Sergio Rodriguez, Joanna Garcia, Paul Lujan, Daisy Alderete or any of their friends, relatives, or associates?

2. Does any juror have any relatives, friends, or associates who know or who have had any dealings with any of the persons?

3. The United States is represented by Assistant United States Attorneys James Dickens and Tanish Henson. Do any of you know Mr. Dickens or Ms. Henson or anyone else employed by the United States Attorney's Office?

4. Did any of you know each other before this morning?

D. The Witnesses

1. The investigation of this case involved the participation of federal law enforcement including FBI and USMS. Has any member of the jury worked for any law enforcement agencies? Do any of you know anyone connected with any of these agencies?

2. You may hear testimony in this case by expert witnesses. Let me advise you that the use of expert testimony is proper in the context of this case. Have any of you had any experiences with experts or do you have any general feelings about the use of experts that would make it difficult for you to render a wholly fair and impartial verdict?

3. In this case, there may be a cooperating witness who has agreed to assist law enforcement agents. Do any jurors have strong feelings about this law enforcement technique that would prevent you from fairly and impartially judging this evidence?

4. Plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of court. Is there anyone who nevertheless personally disapproves of plea bargaining and would hold a plea bargain against the party who made a bargain? What if the plea agreement included an agreement to cooperate with law enforcement, or testify in trial in exchange for the possibility of a reduced sentence? Is there anyone here who would automatically believe or disbelieve a person’s testimony just because he or she has pled guilty to an offense or because he or she is testifying pursuant to an agreement?

5. I am going to read you a list of the law enforcement agents involved in this case and prospective witnesses who may testify in this case or who may feature in the testimony of others.

6. Do you know or have you heard of any of these prospective witnesses?

7. For their own reasons, or because of rulings of the court, the parties may not call

every potential witness. Would that affect your impartiality or ability to judge the case based on the evidence that is offered and admitted in the course of the trial. What if you hear of a person that you think should have been charged or was charged, but you don't hear about what happened to those charges; can you decide if there is sufficient evidence that the defendant on trial committed the crimes for which he is charged or would you be distracted by the consequences for the unknow defendants.

E. Relationships and Associations

1. Is anyone friends with or related to an attorney who practices criminal law as a prosecutor or as a defense attorney?

2. Does any juror think they may have a bias or prejudice for or against the United States Attorney's Office? If so, please discuss.

3. Are any jurors, or their relatives or close friends, employed – or have specialized training, or experience – in the following areas:

a. Law;

b. Police or law enforcement investigations; or

c. any jail, prison or other correctional facility.

4. Has anyone had a bad experience with a law enforcement officer? Describe.

5. There will be witnesses called during this trial who are members of law enforcement and who may have been in that profession for a number of years. Would you give greater or lesser weight to their testimony simply because of their experience and employment with law enforcement?

6. Does any juror have a strong distrust of law enforcement? Or of any of the agencies mentioned before?

F. Prior Experience with the Criminal Justice System

1. Has any juror, or a member of his or her family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the officers, departments, agencies, or employees of the United States? Has anyone had an interest in any such legal action or dispute and its outcome?

2. Have you or any of your friends or relatives been arrested, charged with a crime, or imprisoned?

a. If yes, do you think the prosecution handled the case fairly?

b. Did you think the outcome of the case was fair?

c. Would your past experience in this area significantly affect your ability to be fair and impartial in this case?

3. Have you or any of your friends or relatives, ever been the victims of theft? Does that effect the way you might view this case?

G. Attitude Toward Law Enforcement

This case was investigated by the Federal Bureau of Investigation, otherwise known as the FBI and the United States Marshall's Service otherwise known as the USMS.

1. Is there anyone here who holds strong feelings about these agencies?

2. If so, what are those feelings?

3. Has anyone here had a negative experience with these agencies?

4. Does anyone here know someone who had a negative experience with these agencies?

5. Would that prior experience make it difficult for you to be fair and impartial when evaluating this case?

H. Prior Experience as Juror

1. Has any juror ever served as a member of a grand jury, whether in federal, state, county

or city court? If so, when and where did you serve?

2. Has anyone ever served as a juror in any court in a civil or a criminal case?

   a. Was it in a state or federal court?

   b. Was the case criminal or civil?

   c. When did you serve?

   d. Were you ever the foreperson?

   e. Was a verdict reached? What was the verdict?

3. What effect did your service as a juror in a criminal case have on your ideas concerning the justice system or the roles of prosecutors or defense attorneys?

4. Is there any aspect of your prior service as a juror that would lead you to feel some prejudice or sympathy for the prosecution or defense in this case?

5. Is there any aspect of your prior service as a juror that would affect your ability to serve as a juror in this case?

6. Does anyone think that our justice system is unfair? If yes, please explain why.

   a. Do you think your beliefs about the unfairness of our justice system are strong enough that you'd be unable to remain fair and impartial in this case?

I. <u>Prior Experience as a Witness</u>

1. Has any juror, or a relative or close friend, appeared as a witness in any investigation by a federal or state grand jury? Describe.

2. Has anyone been a witness or complainant in any federal or state prosecution?

3. Does anyone have an expectation about what a witness should be like while testifying?

   - Example – Suppose the witness is not able to articulate or describe every detail of an incident. Does that mean the witness is not credible?

   - What about if a witness has told the same story multiple times, but never tells it in

exactly the same way? Sometimes they may leave out details, other times they may add details or sometimes they change the sequence of events. Does anyone believe that these inconsistencies mean that the event they are describing did not actually happen?

J. Constitution

1. Does anyone have any strong views about drug use or the "war on drugs" or the use of controlled substances in correctional facilities that would affect your ability to be fair to either side?

K. Sitting in Judgment

1. Is there anyone of you who feels you cannot sit in judgment of your fellow men? Would any of you have difficulty in judging the guilt or innocence of the defendant because of moral or religious reasons?

2. Does everyone understand that you are not sitting in moral judgment, but simply as judges of the facts?

3. Do any of you belong to an organization that seeks to promote the rights of prisoners?

4. At the end of the trial, Judge Davenport will instruct you that you should not consider the possible penalties during your deliberations. Does anyone think they might have trouble putting aside any possible penalties, and rendering a verdict of guilty or not guilty based solely on the evidence presented at trial?

5. Does anyone have strong feelings one way or the other toward the United States Government, the FBI, USMS, the U.S. Department of Justice, or the United States Attorney's Office?

6. If you were the attorney for the United States or the attorney for the defense, would you be uncomfortable with yourself as a juror?

7. If the United States met its burden of proof, would anyone here have any problems holding the defendant responsible for his actions, that is, finding him guilty?

L. Personal Affiliations with Organizations and Outside Activities

1. Are any jurors either members or participants of any organization not listed in their questionnaires (such as neighborhood associations, religious organizations, school organizations, fraternal, sporting, labor, environment, victims' rights, civil rights, prisoners' rights, education reform, law reform or any other type of organization including organizations who's mission would implicate drug use or abuse)?

a. What is the name of the organization, and what is its mission or purpose?

b. When did you become a member?

c. Does the organization take any position on crime prevention, prosecution, or law enforcement?

d. Can you set aside the views you or the organization espouse, and judge this case solely on the evidence and the Court's instructions?

e. In this case, one of the elements that the United States must prove is that the victim suffered bodily injury. If you are chosen to sit on this jury, the judge will instruct you what that means, but essentially, you will hear that physical pain, or a bruise can satisfy that standard. Is there anyone here who thinks unlawful force has to be accompanied by serious bodily injury, or something more substantial than physical pain or a bruise?

M. Juror's responsibilities

1. Serving as a juror is one of the most important civic duties that one can perform. However, this isn't an easy task. It requires a commitment of time and attention. Do you each believe that you are up to that task?

2. The court will instruct the jury as to the laws and rules applicable in this case. Most of us have some familiarity with legal principles and terms, and we may have ideas about what the law is or should be. Can you set aside your personal opinions and beliefs and follow the law as instructed by the Court?

3. As a juror, you will be the trier of facts and render a verdict at the conclusion of this trial. It isn't easy or fun to sit in judgment on another person.

a. Can you fulfill that duty as a juror?

b. Do you have any religious or moral beliefs that might prevent you from standing in judgment of another human being?

c. If you find beyond a reasonable doubt that the evidence introduced during the trial supports the charges, would you be able to return a guilty verdict against the defendant?

N. Function of the Court and Jury

1. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court, and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to

determine whether the defendant is guilty as charged in the indictment. Does any juror have any bias or prejudice that might prevent him or her from accepting the instructions of law that the Court will give you in this case?

2. Aside from what has already been mentioned, is there anything about this case that could lead anyone to make a decision based on gut-feeling, sympathy, or prejudice instead of the evidence presented to you at trial?

3. Is everyone here willing to accept the role of an objective fact finder who will put aside his or her personal sympathies and focus solely on the evidence produced in this Court when making decisions about the guilt or innocence of the defendant?

4. Is there anyone who believes that if he or she decides the defendant is guilty, but feels sorry for them for any reason, he or she would not be able to vote guilty?

5. As they sit here today, Mr. Pori is innocent. Is everybody comfortable with the concept of innocent until proven guilty?

6. To prove guilt, the United States must present evidence which convinces you beyond a reasonable doubt of the defendant's guilt. Reasonable doubt is doubt based on reason and common sense and not proof beyond a shadow of the doubt. Is there anyone who could not convict a defendant unless he or she was absolutely certain of that person's guilt, even if you felt there was no reasonable doubt as to the defendant's guilt?

7. Is there anyone who believes the United States should have a higher burden of proof than beyond a reasonable doubt? Do any of you think the United States should have to prove the defendant is guilty beyond "all" doubt instead of a reasonable doubt?

8. As a juror, you must not consider or weigh a defendant's punishment in determining whether the United States has proved its case beyond a reasonable doubt. Is there anyone here who thinks he or she will allow thoughts about how severe or lenient the defendant's punishment might be sway his or her decision?

O. Conclusion

1. Does anyone work swing shifts, or did anyone get less than 3 hours of sleep prior to coming here today?

2. Can anyone think of anything that I have not covered such as physical difficulty, health problem or home problem that would affect your ability to hear this case without prejudice or sympathy for one side or the other? This includes medical, visual, hearing or any other issue.

3. Can you serve as a fair and impartial juror in this case?

Respectfully Submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

*Electronically filed on 10/26/2026*
JAMES A. DICKENS
TANISHA V. HENSON
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Mexico 88011
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically filed on 10/26/2026*
JAMES A. DICKENS
Assistant United States Attorney