IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

*Plaintiff*,

v. No. 2:26-cr-02848-SMD

BRIAN ANTHONY PORI,

*Defendant*.

**PROPOSED VOIR DIRE**

Defendant Brian Pori submits these proposed voir dire questions for the Court to ask the venire during jury selection and to alternatively alert the government to the questions and topics Pori intends to discuss with the venire for the December 1, 2026 trial in this matter. Pori also intends to ask questions based on individual jurors' responses to the questionnaire and questions during the voir dire process. These questions are intended to discover bias or prejudice with regard to these various issues, and the questioning will be directed toward determining whether potential jurors will be able to receive evidence and follow the Court's instructions without undue bias.

## I. Topic No. 1: Introduction

During the introduction, Pori will include statements related to the purpose of voir dire and the suitability to serve on this jury such as:

- Identifying Pori, Pori's counsel, the government attorneys, and witnesses.

- That as human beings our attitudes, impressions, and feelings are shaped by our life experiences.

- That because of our experiences we tend to lean one way or another on various issues and this is natural and expected.

- That Pori is not asking these questions to imply that any of the potential jurors are unfair in any way, but rather to determine whether the potential jurors may have had some experience that makes them lean one way or another with respect to the issues in this case.

- That when an individual leans one way or another on certain issues, it does not make that person bad because it is natural—rather, it is just an indication that perhaps we would be better suited to serve on a different jury.

- That if there are any issues that arise during the voir dire that one of the potential jurors is uncomfortable asking in front of the entire panel they can request to speak with counsel and the Court in private.

**2. Topic No. 2: Indictment**

- What an indictment is and what it is not.

- How many of you believe that the prosecution will seek an indictment only against those it believes to be guilty?

- Does anyone feel that since Pori has been charged with crimes alleged in the indictment, then he must be guilty of those crimes?

- Does any feel like since Pori has been charged with crimes alleged in the indictment that it is more likely that he is guilty of those crimes?

- Is there anyone that is going to hold it against Pori that he has been indicted? In other words, is there anyone that will expect me to work a little bit harder or prove that Pori is not guilty just because he was indicted?

**3. Topic No. 3: Presumption of Innocence**

- Who here thinks that Pori is sitting in this courtroom because he must have done something wrong? In other words, who believes that Pori is sitting here for a reason?

- Does everybody understand that Pori, as he sits here today, is innocent unless and until the prosecution proves his guilt beyond a reasonable doubt?

- Does everyone understand that as Pori sits here right now, he is as innocent as any other person in the courtroom or any person that we could pull off the street right now?

- Is there anyone that believes the presumption of innocence is an ideal rather than something that we can logically and realistically put to practice when a defendant is brought to trial?

- Do you understand that Pori is not required to prove his innocence? That he is not required to prove anything at all?

- Do you understand that Pori is not required to offer any evidence at all?

- Would you hold it against Pori if he presented no evidence in his defense?

- What do you assume or think if a defendant in a criminal case doesn't offer any evidence in his defense at trial?

- Do you expect a defendant charged with a crime to present their own evidence during trial?

**4. Topic No. 4: Reasonable Doubt**

- The standard of proof in a criminal case is beyond a reasonable doubt. It is the highest burden of proof in our legal system. What does beyond a reasonable doubt mean to you?

- The Court will instruct you that the prosecution has the burden to prove beyond a reasonable doubt that Pori is guilty of the crimes alleged in the indictment?

- Proof beyond a reasonable doubt is proof that leaves you firmly convinced of a defendant's guilt. This is not proof that overcomes every doubt. But it does require that the government's proof exclude any reasonable doubt, which is doubt based on reason and common sense after a careful and impartial consideration of all of the evidence,

concerning the defendant's guilt. Does anyone believe they cannot follow this standard?

- Do any of you think that is too high a standard for the government to have to meet?

- Do you think that it is important that a person is innocent until proven guilty beyond a reasonable doubt by the government?

- Do you understand that you are serving justice just as much by finding a defendant not guilty if you have a reasonable doubt as to his guilty, as you are in finding a defendant guilty if there is no reasonable doubt?

- Do you realize it is possible when you listen to the case as a whole that you might conclude that the prosecution failed to prove beyond a reasonable doubt that Pori is guilty of the offenses he is charged?

- Do you understand that you cannot find Pori guilty just because you think he probably, or may have, committed some crime? Under your oath as a juror, you must be convinced beyond a reasonable doubt that the prosecution prove the particular charge against him in this case and every element of that charge beyond a reasonable doubt before you can convict him of anything.

- If you concluded that a defendant did something you believed to be wrong but that was not the conduct the defendant was charged with committing, could you set aside your conclusions of possible wrongdoing and return a verdict of not guilty because the evidence did not prove the defendant guilty of the crime he has been charged with?

- During deliberations, you do not have to be unanimous about what reasonable doubts may exist. Each of you can believe there are different reasonable doubts. But you will be instructed that if you have a reasonable doubt about the evidence as presented by the government, then you must vote not guilty. Does anyone have an issue with that?

- Do you understand that one reasonable doubt is sufficient to find a defendant not guilty?

- Reasonable doubt can be cased not only on the evidence you hear but also on evidence that you don't hear. In other words, it can be things you didn't hear but felt you needed to when making a decision. What is your reaction to that?

- If you thought there was a chance that Pori was guilty of any of the crimes charged, but you were not sure and had a reasonable doubt, could you vote not guilty?

- Would you expect me, as Pori's attorney, to prove his innocence?

- Do you understand that there is a difference between believing the accused is innocent versus believing they are not guilty? In other words, the defendant never has the burden of proving they didn't do it. To vote not guilty, you only have to find that the government did not prove the alleged crimes beyond a reasonable doubt. Does anyone have an issue with that?

- If you were undecided, would you think you should defer to the prosecution and vote guilty? Why or why not?

**5. Topic No. 5: Credibility of Witnesses**

- How many of you have had people tell you two different stories about the same incident and then tried to determine which one was telling the truth? How did you go about that? What did you look for to help you decide?

- Do you believe a witness is more likely to tell the truth because they are called to the witness stand by the prosecution?

- What does it mean to you when we say that a witness may be biased?

- Is there a difference between a biased witness and a mistaken witness? If so, what is that difference?

- What would you want to know about a witness of their circumstances in deciding whether to credit their testimony?

- Would anyone's experience or relationships with law enforcement impact their decision making if they were a juror in this case?

- Is anyone more likely to believe a law enforcement officer than a civilian witness?

- By a show of hands, who among you has friends or relatives who have worked in law enforcement? How often do you see them? Have you discussed this case with them? Have you discussed being called for jury

duty with them? What did they say? Did you form any opinions or impressions by talking about this case or jury duty with them?

- If the Court instructs you, with respect to the testimony of federal agents and police officers, that you are not to assume that such testimony is truthful because the witness happens to be a police officer of a federal agent, can you promise that you will follow the court's instruction?

- If the Court further instructs you that such testimony of police officer and/or federal agents is to be evaluated by you as jurors just like the testimony of any witness who is not a police officer, and evaluated by you using the same standards as non-law enforcement officer witnesses, will you promise that you will follow the Court's instruction?

- How many of you think an officer could never make a mistake in deciding whether or not someone is doing something wrong? How should an officer act once they realize they made a mistake?

- Do you think officers always do what they should? Why or why not?

- Do you believe that law enforcement officers should be given more of a benefit of the doubt than any other witness?

- By a show of hands, how many of you feel that a law enforcement officer is more likely to tell the truth than a non-law enforcement officer? What is it about the fact that a person is a law enforcement officer that makes the more or less likely to be telling the truth? What are some reasons that an officer might not tell the truth?

- What kind of information would be important for you to know to determine whether or not an officer was laying or altering or adjusting their story in this case?

- Do any of you feel uncomfortable passing judgment on an officer's credibility?

- How many of you think that an officer would never tell an altered or adjusted version of what actually happened in order to try to help the prosecution prove its case?

**6. Topic No. 6: Individual Verdicts and Multiple Charges**

- You will be instructed to decide whether Pori is guilty of each of the charges separately. Are you able to do that?

- Do any of you feel that is someone is guilty of one of the crimes charged, then he must be guilty of all of the crimes charged?

- Will you be able to separate and keep separate the evidence for each charge and weigh its own merit, without considering the other charges?

**7. Topic No. 7: Uncharged Conduct/Conduct of Others**

- Because this is a case that charges a conspiracy, during the trial, you may hear evidence related to other people that have committed crimes. If you believe that an alleged co-conspirator committed a crime but you have a reasonable doubt that Pori committed any of the charged offenses, would you have any problem voting not guilty? How would you feel about voting not guilty?

- If you were to hear evidence that others, including Pori's former clients, may have committed crimes or engaged in misconduct, would you feel more inclined to find Pori guilty? Why or why not?

**8. Topic No. 8: The Right to Remain Silent**

- A person accused of a crime has a right under the Constitution to remain silent? How do you feel about that?

- As part of that right to remain silent, Pori has a right not to testify. Does anyone think that an accused person should be required to testify? Why or why not?

- Do you think a person charged, if he is innocent, should take the stand and explain himself? Can you think of reasons, other than guilt, that he wouldn't want to testify?

- How would you feel if a defendant did not take the stand? Would you feel that he was trying to hide something? Would you be more inclined to give weight to the evidence against him? Would you be more likely to convict him?

- If defense counsel does not present any evidence in response to the government's evidence, would you hold that against Pori in determining if the prosecution has met its burden of proof?

- If the Court instructs you that you may not allow the fact that a defendant did not testify to influence your verdict in any way, will you follow that instructions?
- If a defendant did testify, would you, in all honesty, give the same credence to his testimony as you would a person who is not a defendant?

**9. Topic No. 9: Miscellaneous Questions**

- Does anyone have bumper stickers on their care? What are they?
- As we have discussed these various issues, is there anything that has come up that any of you would like to add to bring to our attention?
- Is there anything about this case as you have no heard it that causes you to believe that this would not be the type of case in which you should serve as a juror?
- If you were in Pori's position, would you be comfortable with someone just like you, with the same life experiences, same attitudes, same feelings, sitting on this jury?
- Do you own your home, do you rent, or do you live with your parents or other family members?
- Have you or someone close to you ever owned a business?
- Have you or someone close to you ever owned real estate for rental or investment purposes?
- How familiar are you with Albuquerque's international district?

* * *

Pori also intends to ask to follow up questions to specific jurors related to those jurors' answers to the questionnaires, questions asked by the Court, or questions asked by the government. Given the variety of topics covered, it is

impossible to offer sample questions at this time. The questioning, however, will be focused on clarifying or betting understanding the juror's prior answers.

These questions are only samples and are in anticipation of the general framework of Pori's expected voir dire. In the natural course of voir dire, or after the receipt of the juror questionnaires, Pori's topic areas may change. Pori also intends to use concrete examples of personal experience which relate to these various issues to facilitate the discussion by potential jurors.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Carter B. Harrison IV
Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
carter@harrisonhartlaw.com
nick@harrisonhartlaw.com

*Counsel for Mr. Pori*

Dated: October 26, 2026

**CERTIFICATE OF SERVICE**

I certify that, on October 26, 2026, I electronically filed this proposed voir dire with the Clerk of the Court for the U.S. District Court for the District of New Mexico using the CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart