IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>**BRIAN ANTHONY PORI,**<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CRIMINAL NO. 26-CR-2848-SMD |

**<u>JOINT PROPOSED JURY INSTRUCTIONS</u>**

The United States and the defendant Brian Anthony Pori by and through his attorney, Nicholas Hart, respectively, respectfully request the Court to include the following instructions in its charge to the jury and request permission to submit such supplemental instructions as may become appropriate during trial.

Respectfully Submitted,

TODD BLANCHE
Attorney General
RYAN ELLISON
First Assistant United States Attorney

*Electronically filed on 11/4/2026*
JAMES A. DICKENS
TANISHA V. HENSON
Assistant United States Attorneys
200 N. Church Street
Las Cruces, New Mexico 88011
(575) 522-2304 – Tel.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record on this date.

*Electronically filed on 11/4/2026*
JAMES A. DICKENS
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs.

**BRIAN ANTHONY PORI,**

Defendant.

CRIMINAL NO. 26-CR-2848-SMD

**UNITED STATES' PROPOSED JURY INSTRUCTIONS**

**PRAECIPE**

| **Judge Davenport's Criminal Stock Instruction** | **Parties Accept / Do Not Accept** | **Proposed Alternative (note page in Memorandum with argument & source authority)** | **Is proposed alternative contested? (if so, detail objections in accompanying Memorandum)** |
|---|---|---|---|
| **1. Preliminary Jury Instruction** 10th Cir. Pattern Jury Instructions (PJI) (Criminal) § 1.01 (2025) and § 1.02(B) (2025). Proposed Model Jury Instruction – The Use of Electronic Technology to Learn or Communicate about a Case, Judicial Conference Committee on Court Administration and Case Management | **Not in agreement** Both parties will submit their preferred instruction | In all instructions, the defense objects to the use of the term "the defendant" rather than "Mr. Pori." | |
| **2. Introduction to Final Instructions** 10th Cir. PJI (Criminal) § 1.03 (2025) | **Accept** | | |

| | | | |
|---|---|---|---|
| **3. Duty to Follow Instructions**<br><br>10th Cir. PJI Criminal) § 1.04 (2025) | **Accept** | | |
| **4. Presumption of Innocence - Burden of Proof - Reasonable Doubt**<br><br>10th Cir. PJI (Criminal) § 1.05 (2025) | **Accept** | | |
| **5. Evidence - Defined**<br><br>10th Cir. PJI (Criminal) § 1.06 (2025) | **Accept** | | |
| **6. Evidence - Direct and Circumstantial - Inferences**<br><br>10th Cir. PJI (Criminal) § 1.07 (2025) | **Accept** | | |
| **7. Credibility of Witnesses & Non-Testifying Defendant**<br><br>10th Cir. PJI (Criminal) § 1.08 (2025); and§ 1.08.1 (2025) | **Accept** | | |
| **8. Impeachment by Prior Inconsistencies**<br><br>10th Cir. PJI (Criminal) § 1.10 (2025) | **Accept** | | |
| **9. On or About**<br><br>10th Cir. PJI (Criminal) § 1.18 (2025) | **Accept** | | |
| **10. Caution - Consider Only Crime Charged**<br>10th Cir. PJI (Criminal) § 1.19 (2025) | **Accept** | | |
| **11. Caution – Punishment**<br><br>10th Cir. PJI (Criminal) § 1.20 (2025) | **Accept** | | |
| **12. Duty to Deliberate**<br>10th Cir. PJI (Criminal) § 1.23 (2025) Proposed Model Jury Instruction – The Use of Electronic Technology to Learn or Communicate about a Case, Judicial Conference Committee on Court Administration and Case Management | **Accept** | | |

| | | | |
|---|---|---|---|
| FORM OF VERDICT<br>Governed by indictment at issue. Parties must submit a form of verdict in the format provided. | **Accept** | | |

| **Additional Proposed Instructions (Label as "Govt.'s Proposed", "Def.'s Proposed", or "Joint Proposed")** | **Note page in Memorandum with argument & source/authority.** | **Objections? (detail in Memorandum)** |
|---|---|---|
| **12. Indictment** | Count 1 and 2:<br>18 U.S.C. §1791 | Defense will submit a separate instruction. |
| **13. Elements of 18 U.S.C. § 1791(a)(1) for Count 1** | Instruction 2.27A<br>5th Cir. Pattern Jury Instructions (Criminal Cases) (2024 Edition), p. 340 | Eighth Circuit Model Criminal Jury Instructions,<br>No. 6.18.1791A |
| **13. Elements of 18 U.S.C. § 1791(a)(1) for Count 2** | Instruction 2.27A<br>5th Cir. Pattern Jury Instructions (Criminal Cases) (2024 Edition), p. 340 | Defense will submit a separate instruction. |
| **14. Attempt** | Instruction 1.32<br>10th Cir. Criminal Pattern Jury Instructions, 2025 | Defense will submit a separate instruction. |
| **15. Knowingly - Deliberate Ignorance** | Instruction 1.37<br>10th Cir. Criminal Pattern Jury Instructions, 2025 | |
| **16. Similar Acts** | Instruction 1.30<br>10th Cir. Criminal Pattern Jury Instructions, 2025 | |
| **18. Expert Witness** | Instruction 1.17<br>10th Cir. Criminal Pattern Jury Instructions, 2025 | |
| **19. Accomplice or Co-defendant Testimony** | Instruction 1.15<br>10th Cir. Criminal Pattern Jury Instructions, 2025 | |
| **20. Trent Instruction** | *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014) | *United States v. Cota-Meza*, 367 F.3d 1218 (10th Cir. 2004) |
| **21. Transcript of Recorded Conversation** | Instruction 1.40<br>10th Cir. Pattern Jury Instructions (Criminal), 2025 | |

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 1**

Members of the Jury:

At the end of the trial, I will give you detailed guidance on the law and on how you will go about reaching your decision. But now I simply want to generally explain how the trial will proceed.

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented by Assistant United States attorneys James A. Dickens and Tanisha V. Henson. Brian Anthony Pori is represented by his lawyer, Nicholas T. Hart.

The indictment charges the defendant with attempting, on two separate dates, to deliver a controlled substance, suboxone, to inmates at the Cibola County Correctional Center. The indictment is simply the description of the charges made by the government against the defendant; it is not evidence of guilt or anything else. The defendant pleaded not guilty and is presumed innocent. The defendant may not be found guilty by you unless all twelve of you unanimously find that the government has proved the defendant guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence which it intends to put before you. Just as the indictment is not evidence, neither is the opening statement. Its purpose is only to help you understand what the evidence will be. It is a road map to show you what is ahead.

After the government's opening statement, the defendant's attorney may make an opening statement. [Change if the defendant reserves his statement until later or omit if the defendant has decided not to make an opening statement.]

Evidence will be presented from which you will have to determine the facts. The evidence will consist of the testimony of the witnesses, documents and other things received into the record as exhibits, and any facts about which the lawyers agree or to which they stipulate.

The government will offer its evidence. After the government's evidence, the defendant's lawyer may [make an opening statement and] present evidence, but he is not required to do so. I remind you that the defendant is presumed innocent and it is the government that must prove the defendant's guilt beyond a reasonable doubt. If a defendant submits evidence, the government may introduce rebuttal evidence.

At times during the trial, a lawyer may make an objection to a question asked by another lawyer, or to an answer by a witness. This simply means that the lawyer is requesting that I make a decision on a particular rule of law. Do not draw any conclusion from such objections or from my rulings on the objections. If I sustain an objection to a question, the witness may not answer it. Do not attempt to guess what answer might have been given if I had allowed the answer. If I overrule the objection, treat the answer as any other. If I tell you not to consider a particular statement, you may not refer to that statement in your later deliberations. Similarly, if I tell you to consider a particular piece of evidence for a specific purpose, you may consider it only for that purpose.

During the course of the trial, I may have to interrupt the proceedings to confer with the attorneys about the rules of law that should apply. Sometimes we will talk briefly, at the bench. But some of these conferences may take more time, so I will excuse you from the courtroom. I will try to avoid such interruptions whenever possible, but please be patient even if the trial seems to be moving slowly because conferences often actually save time in the end.

You are to consider all the evidence received in this trial. It will be up to you to decide what evidence to believe and how much of any witness's testimony to accept or reject.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments.

The final part of the trial occurs when I instruct you on the rules of law which you are to use in reaching your verdict.

During the course of the trial I may ask a question of a witness. If I do, that does not indicate I have any opinion about the facts in the case but am only trying to bring out facts that you may consider.

The defendant is charged with two separate crimes, called counts, in this case. I will give you more detailed instructions about what the government is required to prove in order for you to find the defendant guilty on these counts at the end of the trial, but for now, so that you know what to look out for as you receive the evidence in this trial, I will give you a preview of the things the government is required to prove, called elements.

Both Count 1 and Count 2 of the indictment charge the defendant with violating Title 18, United States Code, Section 1791, which makes it a crime for anyone to provide, or attempt to provide, in violation of a statute or a rule or order issued under a statute, a prohibited object to an inmate of a prison. Count 1 is an accusation that the defendant attempted to provide a prohibited object, namely suboxone/buprenorphine, to an inmate named Reynaldo Vargas on December 8, 2025. Count 2 is an accusation that the defendant attempted to provide a prohibited object, namely suboxone/buprenorphine, to an inmate named Paul Lujan on March 11, 2026.

For you to find the defendant guilty, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly attempted to provide, an object to an inmate of a prison—Reynaldo Vargas for Count 1, and Paul Lujan for Count 2;

Second: That the providing of the object violated a statute or a rule or order issued under a statute; and

Third: That the object is a prohibited object.

Ordinarily, the attorneys will develop all the relevant evidence that will be necessary for you to reach your verdict. However, in rare situations, a juror may believe a question is critical to reaching a decision on a necessary element of the case. In that exceptional circumstance, you may write out a question and provide it to the courtroom deputy while the witness is on the stand. I will then consider that question with the lawyers. If it is determined to be a proper and necessary question, I will ask it. If I do not ask it, you should recognize that I have determined it is not a legally appropriate question and not worry about why it was not asked or what the answer would have been.

During the course of the trial, you should not talk with any witness, or with ae defendant, or with any of the lawyers at all. In addition, during the course of the trial you should not talk about the trial with anyone else. Do not discuss the case with anyone or provide any information about the trial to anyone outside the courtroom until the verdict is received. Do not use the internet or any other form of electronic communication to provide any information. Simply put, do not communicate with anyone about the trial until your verdict is received. Also, you should not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. It is important that you wait until all the evidence is received and you have heard my instructions on the controlling rules of law before you deliberate among yourselves. Let me add that during the course of the trial you will receive all the evidence you properly may consider to decide the case. Because of this, you should not attempt to gather any information or do

any research on your own. Do not attempt to visit any places mentioned in the case, either actually or on the internet, and do not in any other way try to learn about the case outside the courtroom.

The court reporter is making stenographic notes of everything that is said. This is basically to assist any appeals. However, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits will be available to you during your deliberations. If you would like to take notes during the trial, you may. On the other hand, you are not required to take notes.

If you do decide to take notes, be careful not to get so involved in note taking that you become distracted and remember that your notes will not necessarily reflect exactly what was said, so your notes should be used only as memory aids. Therefore, you should not give your notes precedence over your independent recollection of the evidence. You should also not be unduly influenced by the notes of other jurors. If you do take notes, leave them in the jury room at night and do not discuss the contents of your notes until you begin deliberations.

Now that the trial has begun you must not hear or read about it in the media. The reason for this is that your decision in this case must be made solely on the evidence presented at the trial.

With that introduction, Ms. Henson, you may present the opening statement for the government.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.01 (2025) (**PRELIMINARY INSTRUCTIONS BEFORE TRIAL**), modified. Tenth Circuit Pattern Jury Instructions Criminal 1.02B (2025) (**NOTE TAKING BY JURORS**), modified.

**JOINT PROPOSED JURY INSTRUCTION NO. 2**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges, you are the other. I am the judge of the law. You, as jurors, are the judges of the facts. I presided over the trial and decided what evidence was proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

In explaining the rules of law that you must follow, first, I will give you some general instructions which apply in every criminal case—for example, instructions about burden of proof and insights that may help you to judge the believability of witnesses. Then I will give you some specific rules of law that apply to this particular case and, finally, I will explain the procedures you should follow in your deliberations, and the possible verdicts you may return. These instructions will be given to you for use in the jury room, so you need not take notes.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.03 (2025) (**Introduction to Final Instructions**).

## JOINT PROPOSED JURY INSTRUCTION NO. 3

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences. However, you should not read into these instructions or anything else I may have said or done, any suggestion as to what your verdict should be. That is entirely up to you.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.04 (2025) (**Duty to Follow Instructions**).

## JOINT PROPOSED JURY INSTRUCTION NO. 4

The government has the burden of proving the defendant guilty beyond a reasonable doubt. The law does not require a defendant to prove his or her innocence or produce any evidence at all. The government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must find that defendant not guilty.

Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt. A reasonable doubt is a doubt based on reason and common sense after careful and impartial consideration of all the evidence in the case. If, based on your consideration of the evidence, you are firmly convinced that the defendant is guilty of the crime charged, you must find him guilty. If on the other hand, you think there is a real possibility that he is not guilty, you must give him the benefit of the doubt and find him not guilty.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.05 (2025) (**Presumption of Innocence – Burden of Proof-Reasonable Doubt**).

## JOINT PROPOSED JURY INSTRUCTION NO. 5

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath, the exhibits that I allowed into evidence, the stipulations that the lawyers agreed to, and the facts that I have judicially noticed.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.06 (2025) (**Evidence- Defined**)

**JOINT PROPOSED JURY INSTRUCTION NO. 6**

There are, generally speaking, two types of evidence from which a jury may properly determine the facts of a case. One is direct evidence, such as the testimony of an eyewitness. The other is indirect or circumstantial evidence, that is, the proof of a chain of facts which point to the existence or non-existence of certain other facts.

As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that you find the facts in accord with all the evidence in the case, both direct and circumstantial.

While you must consider only the evidence in this case, you are permitted to draw reasonable inferences from the testimony and exhibits, inferences you feel are justified in the light of common experience. An inference is a conclusion that reason and common sense may lead you to draw from facts which have been proved.

By permitting such reasonable inferences, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in this case.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.07 (2025) (**Evidence- Direct and Circumstantial**)

**JOINT PROPOSED JURY INSTRUCTION NO. 7**

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should think about the testimony of each witness you have heard and decide whether you believe all or any part of what each witness had to say, and how important that testimony was. In making that decision, I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome in this case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he/she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? When weighing the conflicting testimony, you should consider whether the discrepancy has to do with a material fact or with an unimportant detail. And you should keep in mind that innocent misrecollection—like failure of recollection—is not uncommon.

[The testimony of the defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

[The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. I want you to clearly understand, please, that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify or

call any witnesses. That is a constitutional right in this country, it is very carefully guarded, and you should understand that no presumption of guilt may be raised and no inference of any kind may be drawn from the fact that a defendant does not take the witness stand and testify or call any witnesses.]

In reaching a conclusion on particular point, or ultimately in reaching a verdict in this case, do not make any decisions simply because there were more witnesses on one side than on the other.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.08 (2025) (**Credibility of Witnesses**)

**JOINT PROPOSED JURY INSTRUCTION NO. 7A**

The defendant did not testify and I remind you that you cannot consider his decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.08.1 (2025) (**Non-Testifying Defendant**)

**JOINT PROPOSED JURY INSTRUCTION NO. 8**

You have heard the testimony of [name of witness]. You have also heard that, before this trial, he made a statement that may be different from his testimony here in court.

This earlier statement was brought to your attention only to help you decide how believable his testimony in this trial was. You cannot use it as proof of anything else. You can only use it as one way of evaluating his testimony here in court.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.10 (2025) (**Impeachment by Prior Inconsistencies**)

**JOINT PROPOSED JURY INSTRUCTION NO. 9**

You will note that the indictment charges that each offense was committed "on or about" a particular date or a range of dates. The government does not have to prove that the crime was committed on the exact date or range of dates specified in the Indictment, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the date or range of dates alleged in the Indictment.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.18 (2025) (**On or About**), modified.

**JOINT PROPOSED JURY INSTRUCTION NO. 10**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or crime not charged in the indictment.

It is not up to you to decide whether anyone who is not on trial in this case should be prosecuted for the crime charged. The fact that another person also may be guilty is no defense to a criminal charge.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.19 (2025) (**Caution -- Consider Only the Crime Charged**), modified.

**JOINT PROPOSED JURY INSTRUCTION NO. 11**

If you find the defendant guilty, it will be my duty to decide what the punishment will be. You should not discuss or consider the possible punishment in any way while deciding your verdict.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.20 (2025) **(Caution - Punishment)**

**JOINT PROPOSED JURY INSTRUCTION NO. 12**

In a moment the bailiff will escort you to the jury room and provide each of you with a copy of the instructions that I have just read. Any exhibits admitted into evidence will also be placed in the jury room for your review.

When you go to the jury room, you should first select a foreperson, who will help to guide your deliberations and will speak for you here in the courtroom. The second thing you should do is review the instructions. Not only will your deliberations be more productive if you understand the legal principles upon which your verdict must be based, but for your verdict to be valid, you must follow the instructions throughout your deliberations. Remember, you are the judges of the facts, but you are bound by your oath to follow the law stated in the instructions.

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment. Your deliberations will be secret. You will never have to explain your verdict to anyone.

You must consult with one another and deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. You must decide whether the government has proved the defendant guilty beyond a reasonable doubt.

A form of verdict has been prepared for your convenience.

[Explain the Verdict Form]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the bailiff. I will either reply in writing or bring you back into the court to respond to your message. Under no circumstances should you reveal to me the numerical division of the jury.

**Authorities:**

Tenth Circuit Pattern Jury Instructions Criminal 1.23 (2025) (**Duty to Deliberate-Verdict Form**)

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

vs. Cause No. 26-CR-02848-SMD

BRIAN ANTHONY PORI,

Defendant.

**VERDICT**

1. We, the Jury, find the Defendant, ______________________________ of 18 U.S.C. § 1791:
(Guilty or Not Guilty)

Attempt to Provide a Prohibited Object to an Inmate of a Prison charged in Count 1 of the superseding indictment.

2. We, the Jury, find the Defendant, ______________________________ of 18 U.S.C. § 1791:
(Guilty or Not Guilty)

Attempt to Provide a Prohibited Object to an Inmate of a Prison charged in Count 2 of the superseding indictment.

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 13**

The Defendant, Brian Anthony Pori, is on trial before you upon a superseding indictment brought by the Grand Jury. The superseding indictment charges as follows:

Count 1

On or about December 8, 2025, in Cibola County, in the District of New Mexico, the defendant, BRIAN ANTHONY PORI, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(E), and contrary to the rules and regulations of the Cibola County Correctional Center, attempted to provide a prohibited object, specifically, Suboxone/Buprenorphine, to Reynaldo Vargas, an inmate of Cibola County Correctional Center, a prison, institution, and facility in which persons are held in custody by direction of, and pursuant to, a contract and agreement with the Attorney General.

In violation of 18 U.S.C. §§ 1791(a)(1) and (b)(1).

Count 2

On or about March 11, 2026, in Cibola County, in the District of New Mexico, the defendant, BRIAN ANTHONY PORI, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(E), and contrary to the rules and regulations of the Cibola County Correctional Center, attempted to provide a prohibited object, specifically, Suboxone/Buprenorphine, to Paul Lujan, an inmate of Cibola County Correctional Center, a prison, institution, and facility in which persons are held in custody by direction of, and pursuant to, a contract and agreement with the Attorney General.

In violation of 18 U.S.C. §§ 1791(a)(1) and (b)(1).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 14**

Count 1 charges the defendant with a violation of Title 18, United States Code, Section 1791, which makes it a crime for anyone to provide, or attempt to provide, in violation of a statute or a rule or order issued under a statute, a prohibited object to an inmate of a prison.

For you to find the defendant guilty, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly attempted to provide an object to Reynaldo Vargas, who was an inmate of a prison;

Second: The providing of the object violated a statute or a rule or order issued under a statute; and

Third: That the object is a prohibited object.

The term "prison" means a Federal correctional, detention, or penal facility or any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General.

**Authorities:**

**Elements for 18 U.S.C. § 1791**: Instruction 2.27A, 5th Cir. Pattern Jury Instructions (Criminal Cases)(2024 Edition)(edited to include the inmate name).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 15**

Count 2 charges the defendant with a violation of Title 18, United States Code, Section 1791, which makes it a crime for anyone to provide, or attempt to provide, in violation of a statute or a rule or order issued under a statute, a prohibited object to an inmate of a prison.

For you to find the defendant guilty, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly attempted to provide an object to Paul Lujan, who was an inmate of a prison;

Second: The providing of the object violated a statute or a rule or order issued under a statute; and

Third: That the object, suboxone/ buprenorphine, is a prohibited object.

**Authorities:**

**Elements for 18 U.S.C. § 1791**: Instruction 2.27A, 5th Cir. Pattern Jury Instructions (Criminal Cases)(2024 Edition)(edited to include the inmate name).

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 16**

Instead, in order to prove an attempt, the government must prove beyond a reasonable doubt that (1) the defendant intended to commit the crime; and that (2) the defendant took a substantial step towards commission of that crime.

A "substantial step" is something beyond mere preparation. A substantial step is an act which, in the ordinary and likely course of events, would lead to the commission of the particular crime. The step must be a strong indication of the defendant's criminal intent and must unequivocally mark the defendant's acts as criminal. It should demonstrate commitment to the crime charged.

**Authorities:**

**"Attempt" defined**: Instruction 1.32, 10th Cir. Criminal Pattern Jury Instructions, 2025 (Modified)

## JOINT PROPOSED JURY INSTRUCTION NO. 17

When the word "knowingly" is used in these instructions, it means that the act was done voluntarily and intentionally, and not because of mistake or accident. Although knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself to the existence of a fact. Knowledge can be inferred if the defendant was aware of a high probability that the items he attempted to provide to the inmates contained a controlled substance, unless the defendant did not actually believe items he attempted to provide to the inmates contained a controlled substance.

**Authorities:**

**Knowingly—Deliberate Ignorance**: Instruction 1.37, 10th Cir. Criminal Pattern Jury Instructions, 2025

**UNITED STATES' PROPOSED JURY INSTRUCTION NO. 18**

You have heard evidence of other acts or wrongs engaged in by the defendant. You may consider that evidence only as it bears on the defendant's intent, knowledge, and absence of mistake or accident, and for no other purpose. Of course, the fact that the defendant may have previously committed an act similar to the one charged in this case does not mean that the defendant necessarily committed the acts charged in this case.

**<u>Authorities:</u>**

**Similar Acts**: Instruction 1.30, 10th Cir. Criminal Pattern Jury Instructions, 2025

**JOINT PROPOSED JURY INSTRUCTION NO. 19**

During the trial you heard the testimony of Jay Hopenwasser and Jason D. Brewer who expressed opinions concerning chemical analysis of controlled substances; you heard the testimony of Icel M. Kuzunetsova who expressed opinions concerning the presence of fingerprints; you heard the testimony of Ramon Garcia who expressed opinions about forensic analysis of an electronic device; and you heard the testimony of Tyler Foster who expressed opinions concerning methods and communications people use when attempting to get contraband into prisons or jails. In some cases, such as this one, scientific, technical, or other specialized knowledge may assist the jury in understanding the evidence or in determining a fact in issue. A witness who has knowledge, skill, experience, training or education, may testify and state an opinion concerning such matters.

You are not required to accept such an opinion. You should consider opinion testimony just as you consider other testimony in this trial. Give opinion testimony as much weight as you think it deserves, considering the education and experience of the witness, the soundness of the reasons given for the opinion, and other evidence in the trial.

**Authorities:**

Expert Witness: Instruction 1.17, 10th Cir. Criminal Pattern Jury Instructions, 2025

**JOINT PROPOSED JURY INSTRUCTION NO. 20**

The government has entered into a plea agreement with ____________, providing for the possibility of a recommendation of a lesser sentence than he would otherwise likely receive. Plea bargaining is lawful and proper, and the rules of this Court expressly provide for it.

A person who has entered into a plea agreement with the government is not prohibited from testifying. On the contrary, such testimony may, by itself, support a guilty verdict. You should receive this type of testimony with caution and weigh it with great care. You should never convict a defendant upon the unsupported testimony of such a witness, unless you believe that testimony beyond a reasonable doubt. The fact that the person has entered into a guilty plea to the offense charged is not evidence of the guilt of any other person.

**Authorities:**

Accomplice or Co-defendant Testimony: Instruction 1.15, 10th Cir. Criminal Pattern Jury Instructions, 2025.

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 21**

You have heard testimony as to the manner in which the government conducted its investigation in this case including certain investigative methods or techniques that were used and certain investigative methods or techniques that were not used. In attempting to prove its case, the government is under no obligation to use all the investigative methods that are available to it or use any particular method. The question is whether the evidence presented is sufficient to convince you beyond a reasonable doubt of the defendant's guilt.

**Authorities:**

Trent Instruction: *United States v. Trent*, 767 F.3d 1046 (10th Cir. 2014)

## JOINT PROPOSED JURY INSTRUCTION NO. 22

During this trial, you have heard sound recordings of certain conversations. These conversations were legally recorded; they are a proper form of evidence and may be considered by you as you would any other evidence. You were also given transcripts of those recorded conversations. Keep in mind that the transcripts are not evidence. They were given to you only as a guide to help you follow what was being said. The recordings themselves are the evidence. If you noticed any differences between what you heard on the recordings and what you read in the transcripts, you must rely on what you heard, not what you read. If you could not hear or understand certain parts of the recordings, you must ignore the transcript as far as those parts are concerned.

**Authorities:**

Transcript of Recorded Conversation: Instruction 1.40, 10th Cir. Pattern Jury Instructions (Criminal), 2025.