IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

*Plaintiff*,

v. No. 2:26-cr-02848-SMD

BRIAN ANTHONY PORI,

*Defendants*.

**UNOPPOSED MOTION TO CONTINUE TRIAL**[1]

Defendant Brian Pori moves to continue the jury trial and all deadlines keyed to that event (*e.g.*, the deadline for submission of trial motions, jury instructions, etc.), from December 1, 2026 for 60 days to February of 2027.[2]

**Argument**

The Speedy Trial Act requires trials to commence within 70 days of indictment or from the date the defendant has appeared before a judicial officer of the court where such charge is pending, whichever date last occurs. 18 U.S.C. § 3161. Excluded from the seventy-day requirement is:

> Any period of delay resulting from a continuance granted by a judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends

[1] The United States, through Assistant United States Attorney James Dickens, does not oppose this motion.

[2] Other than an evidentiary hearing in the District of Kansas that is likely to occur during the first week of February, defense counsel is available any time during February.

> of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

18 U.S.C. § 3161(h)(7)(A). *See also United States v. Toombs*, 574 F.3d 1262, 1269 (10th Cir. 2009). To exclude time according to the ends-of-justice provision, a trial judge must consider "[w]hether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

## I. The Speedy Trial Clock is still at zero.

This case was charged by criminal complaint on May 21, 2026. Dkt. 1. Pori was then arrested and transported to New Mexico for an initial appearance, which was held on June 2, 2026. Dkt. 8. At that time, the government moved for detention. A preliminary hearing and detention hearing was held on June 9, 2026, at which time Pori was detained pending trial. Dkt. 19. Just two days later, on June 11, 2026, Pori moved to revoke the detention order by submitting an appeal to the district court. Dkt. 21. Pori was then arraigned on June 25, 2026. Dkt. 36. At that time the Speedy Trial Clock started to run. 18 U.S.C. § 3161(c)(1). But because a motion was pending, the Speedy Trial Clock remained at zero. 18 U.S.C. § 3161(h)(1)(D). Since that day, there have been motions always pending:

- Opposed motion for order to declare case complex filed on July 8, 2026. Dkt. 41. The motion to revoke the detention order was still pending.
- Opposed motion to extend the discovery deadline filed on July 9, 2026. Dkt. 42. That motion was decided on July 14, 2026. Dkt. 45. The motion to revoke the detention order was pending and not yet decided.

- Opposed motion for a protective order filed on July 17, 2026. Dkt. 50. The motion to revoke the detention order was pending and not yet decided.

- Motion to revoke the detention order was decided on August 7, 2026. At that time, the motion to declare the case complex (Dkt. 41) and the motion for protective order (Dkt. 42) were still pending.

- A motion to reconsider detention order filed on August 18, 2026. Dkt. 62. This arguably decided the motion to declare the case complex (Dkt. 41) because a scheduling order was entered on August 14, 2026. But the motion to enter a protective order (Dkt. 42) was yet to be decided.

- A second motion for a protective order was filed on August 27, 2026. Dkt. 63. This arguably resulted in the first motion for a protective order (Dkt. 41) being deemed decided, but the motion to reconsider detention (Dkt. 62) was still pending. This motion was granted on August 31, 2026. Dkt. 65.

- A second motion to extend expert witness notices was filed on September 15, 2026. Dkt. 81. The motion to reconsider the detention order (Dkt. 62) weas still pending. The motion to extend was granted on September 17, 2026. Dkt. 82.

- Both parties filed motions in limine on September 21, 2026. Dkts. 84 and 85. At that time, the motion to reconsider detention (Dkt. 62) was still pending. The motions in limine have not been decided.

- Also on September 21, 2026, Pori filed a motion to compel the production of co-conspirator statements. Dkt. 86. That motion was granted on November 10, 2026. Dkt. 124.

- On October 10, 2026, the motion to reconsider detention was decided. Dkt. 92. The motions in limine that are pending today were still pending at the time this motion was granted.

The result is that a motion excluding time under the Speedy Trial Act has been pending for every day between Pori's arraignment for the initial indictment to the filing of this motion. The Speedy Trial clock is thus at zero. A continuance of 60

days to February 1, 2027, is unlikely to run afoul of the Speedy Trial Act's 70-day deadline.

## II. The ends of justice merit continuing the trial to February 2027.

If, however, the Court is concerned about the Speedy Trial Clock running prior to a February 2027 trial, then the ends of justice merit continuing the trial and related deadlines because that is the minimum amount of time necessary for Pori to consult with counsel, experts, and prepare for trial. Specifically, this continuance is necessary so that Pori can:

- Properly respond, investigate, and prepare for trial following the government's late filing of a Federal Rule of Evidence 404(b) notice. *See* Dkt. 115. This notice was filed weeks after it was due under the scheduling order, so additional time is needed to complete these tasks;

- Meet with counsel to review the discovery, which includes recent discovery productions. For example, on October 29, 2026, the government produced more than 3,000 pages of FBI forensic reports, information, and policies and procedures from the FBI crime lab;

- Prepare and file motions related to the Superseding Indictment that was obtained on October 14, 2026. Dkt. 96. That Superseding Indictment added a second theory alleging that Pori violated the smuggling of contraband statute by violating a Cibola County Correctional Center policy. Since that time, the government has produced more than 1,000 pages of policies and procedures from the Cibola County Correctional Center. Those policies and procedures have since been reviewed, and motions must be filed to address several legal issues related to the Superseding Indictment;

- Investigate any claims or allegations related to the case arising from recently produced discovery;

- Identify potential witnesses or evidence that is material to Pori's defense because of the recently produced discovery and recently filed Rule 404(b) notice;

- Retain, if necessary, consulting or testifying expert witnesses related to the recent production of thousands of pages of FBI policies and procedures related to forensic analysis;
- Prepare direct and cross-examinations of potential witnesses; and
- Identify and disclose exhibits or witnesses on behalf of Pori because of the additional discovery and recent motion.

Currently, proceeding to trial is premature. Declining to grant the requested continuance would deny Pori and counsel the time to complete these necessary pretrial tasks. The ends of justice are thus served by continuing the current trial as requested in the proposed scheduling order.

Finally, without adequate time for counsel to prepare for trial, Pori may be deprived of his guarantee of counsel in criminal proceedings:

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: “Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of counsel into a sham and nothing more than a formal compliance with the Constitution’s requirement that an accused be given the assistance of counsel. The Constitution’s guarantee of assistance of counsel cannot be satisfied by mere formal appointment.”

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444 (1940)). That is why preparation time for counsel is frequently found to merit continuances of trial settings. *See, e.g., United States v. Spring,* 80 F.3d 1450, 1457 (10th Cir. 1996) (explaining that finding additional time was necessary for new counsel to prepare for trial was a “sufficient contemporaneous finding to justify [a] continuance”). *See also United States v.*

*Bryant,* 726 F.2d 510, 511 (9th Cir. 1984) (holding that adequate trial preparation is "clearly an appropriate factor for a district court to consider" when determining whether a continuance should be granted).

Here, the requested continuance is necessary to allow counsel to adequately prepare for trial. That alone justifies Pori's request to continue the trial.

## Conclusion

The motion should be granted, and the trial in this matter should be continued until February 2027.

Respectfully submitted,

*/s/ Nicholas T. Hart*

Nicholas T. Hart
**HARRISON & HART, LLC**
924 Park Ave SW, Suite E
Albuquerque, NM 87102
(505) 295-3261
nick@harrisonhartlaw.com

*Counsel for Brian Pori*

Dated: November 13, 2026

**CERTIFICATE OF SERVICE**

I certify that, on November 13, 2026, I electronically filed this motion with the United States District Court for the District of New Mexico's CM/ECF system. All parties were served by that system as reflected in the Notice of Electronic Filing.

*/s/ Nicholas T. Hart*
Nicholas T. Hart